## FRAZER'S EXECUTORS *vs.* LEE.

[BILL IN EQUITY TO SET ASIDE SALE BY ADMINISTRATOR.]

1. *When answer to bill in Chancery will be taken as true.*—When an answer on oath is not waived by the plaintiff, and the cause is heard on bill and answer, the responsive allegations of the answer are to be taken as true.
2. *When an Administrator may purchase at his own sale.*—An administrator may purchase at his own sale, if he has an interest in the estate, provided the sale is fairly conducted; but if he has no interest in the estate, he stands merely as an ordinary trustee, and his purchase is liable to be set aside at the option of the beneficiaries seasonably expressed.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. N. W. COCKE.

THE bill in this case was filed on the 29th November, 1865, by William Lee and James Lee, both infants, suing by their next friend, against Allen Frazer and Mildred R. Frazer, his wife, and sought to have set aside the sale of certain real and personal property. The material allega-

tions of the bill were, that complainants were the children of John H. Lee, who being an inhabitant of the county of Montgomery, in this State, died intestate, some time in the year 1860, leaving a large estate, both real and personal, and that their mother, said Mildred R. Frazer, (then Lee,) took out letters of administration and qualified as administratrix of his estate, and early in 1862, intermarried with Allen Frazer, and with him administered on the estate of said John H. Lee, deceased, and on the 11th December, 1862, sold the personal property of said estate, and duly reported the sale to the probate court of Montgomery county, with the names of the purchasers and the prices of the articles sold, set down ; that their father died seized and possessed of certain lands, particularly describing them, situated in said county, and that certain lands were assigned to their mother as her dower interest, and that afterwards the residue of the lands belonging to their father's estate, was, upon the petition of said Allen, as administrator as aforesaid, sold by order of the probate court of said county, for a division between said complainants and their sister, who died before the filing of this bill, being of tender age ; and said lands were purchased by the said Allen, and that said sale was afterwards confirmed by said court ; that the said Allen had not, at the time of said sale, any interest whatever in said lands, either in his own right, or in the right of his wife, and that the sale and purchase thereof by said Allen was a fraud upon complainants. The prayer of the bill was, 1st. That the said sale of the realty be set aside, and that an account of rents from the day of sale be taken. 2d. That the sale of personalty in each case, in which said Allen was purchaser, be set aside, and as the same has been consumed, or greatly impaired by use and time, that he be held liable as in trover. 3d. That the administration of said estate be removed into said chancery court, and that the settlements made in the probate court be set aside and the accounts restated, and a prayer for general relief. An answer under oath was not waived. The defendant, Allen Frazer, in his answer admitted substantially the above allegations of the bill, except a slight discrepancy in the description of the lands sold by

Frazer's Executors v. Lee.

said Frazer, by order of the probate court, and purchased by him; but denied that said sale and purchase was a fraud upon complainants; and insisted, that he acted fairly and honestly in each and every sale of both realty and personalty and to the best of his judgment; defendant admitted that he had no interest in said lands at the time of the sale, except by virtue of his said marriage and his being administrator of said estate. There was a decree *pro confesso* against Mildred R. Frazer.

The chancellor decreed, that the sale of the lands described in the answer of Allen Frazer and purchased by him, be set aside and annulled; that the register ascertain the annual value of the use and occupation of said lands since the day of said purchase by said Allen Frazer, calculating interest upon the value of the use and occupation for each year, from the time it became due, and that the administration of the estate of John H. Lee, deceased, be removed into said chancery court, and that the register take and state the account and proceed with the settlement of the estate according to law. This decree was rendered at the December term, 1866, of said court.

On the 20th May, 1867, W. J. Frazer, John A. Frazer and Jas. F. Frazer, appeared before the register and produced letters testamentary, duly granted to them as executors of the last will and testament of Allen Frazer, one of the defendants in this cause, and adduced satisfactory evidence that said defendant died after the final decree in said cause had been rendered, and before appeal taken, and applied for an appeal to this court, to be taken by them as such executors, which was allowed by said register, and they appeared in this court as appellants and assigned the final decree as error.

RICE, SEMPLE & GOLDTHWAITE, for appellants.
ELMORE, KEYES & MORISSETT, *contra*.

JUDGE, J.—The charge of fraud in the sale of the lands by Allen Frazer, is denied by the responsive allegations of the answer, which are to be taken as true; the cause having been heard on bill and answer without testi-

mony, and an answer under oath not having been waived. (Code, § 2902.)

Frequent adjudications have been made by this court, upon the question of purchases by executors and administrators at their own sales; and the rule clearly established by them is, that an executor or administrator, *having an interest in the estate*, may purchase at his own sale, provided it is fairly conducted.—*Saltmarsh v. Beene*, 4 Porter, 283; *McLane v. Spence, Adm'r*, 6 Ala. 894; *McCartney et al. v. Calhoun*, 17 Ala. 301; *Payne v. Turner*, 36 Ala. 623.

In the present case, it is alleged in the bill, and admitted in the answer, that Frazer had no interest in the lands sold, coupled with the trust which devolved upon him as administrator; and this leaves him standing as an ordinary trustee, who has purchased at his own sale.

The well settled rule in such cases, is, that, notwithstanding the sale, the *cestui que trust* may still look upon the property as bound by the trust, and may apply, within a reasonable time, to have a re-sale, without showing any injury to his rights, or benefit to the trustee.—*Cunningham's Andm'rs v. Rogers*, 14 Ala. 147; 1 Story's Eq. 317. As we held in *Charles v. Duboise*, 29 Ala. 371, "the purchase by a trustee at his own sale, is simply voidable, at the option of the *cestui que trust*, seasonably expressed; and it is totally immaterial that the trustee has acted with fairness, and made no profit." See also, *Andrews et al. v. Hobson's Adm'r*, 23 Ala. 219.

The appellees are minors, and we must hold they have made "seasonable application" to set aside the sale.

There is no error in the decree, and it is affirmed.