# Daniel v. Stough.

*Bill in Equity by Heirs of Decedent to have set aside Sale of Lands purchased by the Administrator at his own Sale.*

1. *Purchase of land by administrator at his own sale; when voidable.* A purchase of land by an administrator without interest in the land, at his own sale, is voidable at the option of his *cestuis que trust*, seasonably expressed, although he may have acted with fairness, paid full value for the land, and made no profit out of the transaction.

2. *Same; parties to bill to set aside.*—To a bill in equity, seeking to set aside a purchase of land by an administrator at his own sale, all the intestate's heirs are necessary parties; and hence, while the refusal of some of them to join as complainants is a sufficient excuse for making

[Daniel v. Stough.]

them defendants, it will not excuse the omission of them entirely as parties.

3. *Same; when dismissal of bill to set aside, for want of parties, should be without prejudice.*—If the bill, in such case, is dismissed for want of parties, and some of the complainants are under the disabilities of coverture or of infancy, the dismissal should be without prejudice.

APPEAL from Crenshaw Chancery Court.

Heard before Hon. JNO. A. FOSTER.

The bill in this cause was filed by M. E. Daniel and others, heirs at law of M. M. Stough, deceased, against S. C. Stough, seeking to have set aside a sale of land belonging to the estate of said intestate, made by the defendant, while he was the administrator of said estate, to himself, and a conveyance thereof to him by a party appointed by the probate court for that purpose. Two of the heirs did not join as complainants in the bill; and they were not made defendants, the bill alleging, as an excuse therefor, the refusal by them to join as complainants. On the hearing, had on demurrer for want of necessary parties, and also on pleadings and proof, the chancellor caused a decree to be entered, sustaining the demurrer and dismissing the bill; and that decree is here assigned as error.

J. H. PARKS and RICE & WILEY, for appellants.

JOHN GAMBLE, *contra.*

BRICKELL, C. J.—It can not be doubted that a purchase by an administrator at his own sale is voidable at the option of his *cestuis que trust,* seasonably expressed, though he may have acted with fairness, and made no profit.—*James v. James,* 55 Ala. 525 ; *Calloway v. Gilmer,* 36 Ala. 354. At an early day, in the case of *Brannan v. Oliver,* 2 Stew. 47, an exception to this rule was adopted, which has since prevailed, though its introduction has been more than once regretted by our predecessors. The exception is of purchases by an executor or administrator *having an interest in the property sold.* Such purchases are sustained, if the property is exposed to sale in the ordinary mode, under such circumstances that it will command the best price, and there is an absence of all evidence of unfairness. This case does not fall within that exception, for the administrator was without interest in the lands. It was, therefore, at the mere option of the heirs to whom the lands descended, whether they would avoid or confirm the sale; and whether the lands sold for more or less than their value, was not material, fraud or unfairness not being imputed to the administrator.

All the heirs were necessary parties to the bill, having for

[Abernathy v. Moses.]

its object the avoidance of the sale ; all had rights and interests which were to be affected and bound by the decree. The refusal of two to join as complainants was a sufficient reason for making them defendants, but will not excuse their omission as parties. The demurrer taken because of their absence was properly sustained ; and as the complainants declined to amend, there was no other alternative than to dismiss the bill. As one of the complainants is under the disability of coverture, and the others are under the disability of infancy, the dismissal ought to have been without prejudice. The decree in this respect will be here corrected, and as corrected will be affirmed.