# Chambers *v.* Seay.

*Action by Agent against Principal, for Services rendered under Power of Attorney to sell Lands.*

1. *Misjoinder of counts.*—Special counts in case, claiming damages for the breach of a duty imposed by a written contract, can not be joined with the common counts.
2. *Statute of limitations, in defense of action for value of services rendered.*—Under statutory provisions (Code, §§ 2615, 2618), three years is the bar to an action to recover the reasonable value of services rendered under a written contract.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. LEROY F. BOX.

This action was brought by George W. Chambers against John L. Seay, and was commenced on the 24th March, 1880. The plaintiff sought to recover, under the complaint as amended, the reasonable value of services rendered by him, as agent and attorney in fact for defendant, under a written contract by which defendant authorized him to sell a tract of

[Chambers v. Seay.]

land, his compensation to be "an undivided one-fourth interest in the proceeds of sale." The defendant revoked the agency in January, 1880, and soon afterwards himself sold the property for $20,000. The contract was dated February 28, 1878, and was signed by both parties. Its material stipulations are set out in the former report of the case (73 Ala. 372), and it is unnecessary to repeat them. Some of the counts in the complaint were in case, as decided by the court, and as shown by the former report; and these were struck out by amendment, after demurrer sustained. The court instructed the jury, in substance, that the action was barred by the statute of limitations of three years; and this charge is here assigned as error, with the ruling on the demurrer.

PARSONS & PARSONS, for appellant.

CECIL BROWNE, *contra*.

McCLELLAN, J.—The first three counts of the complaint are in *assumpsit*, claiming for money due by account, for money paid at the request of the defendant, and for work and labor done for the defendant, respectively. The original fourth count, and the fifth and sixth, respectively, claim damages for a breach of duty on the part of the defendant, the alleged duty being imposed by the written contract, which is set out, and each of these counts is essentially in case.—*Myers v. Gilbert*, 18 Ala. 467; *Whilden v. M. & P. Nat. Bank*, 64 Ala. 1. The sixth and seventh assignments of demurrer, taken to the misjoinder of counts, were, therefore, properly sustained.—*Chambers v. Seay*, 73 Ala. 379.

2. The complaint having been amended, so as to conform to the ruling of the court on demurrer, the plaintiff claimed in the original counts, and on the amended fourth count, the sum of five thousand dollars as by account for money paid, and work and labor done at the request of the defendant, more than three years before suit brought. The general issue, and the statute of limitations of three years, were pleaded. The effort of plaintiff appears to have been to bring his cause of action within subdivision five of section 2615 of the Code of 1886; but the bill of exceptions, which purports to set out all the evidence, shows an utter failure in this effort. On the contrary, it is expressly stated, that "it was and is conceded by plaintiff, and agreed by and between

[Sheppard v. Sheppard.]

the parties," that the action was not upon the contract of
agency, "but was and is a suit to recover," not money loaned,
nor upon a stated liquidated account, but "the reasonable
value of services rendered under said contract," &c. It
clearly appears that these services were rendered, and
plaintiff's claim to be recompensed for them accrued, more
than three years before this suit was instituted. On this
state of pleadings and proof, the court, at the request in writ-
ing of the defendant, correctly charged the jury, that if they
believed "the evidence, they must find for the defendant on
account of the bar of the statute of limitations of three
years."—Code, § 2618.

 Affirmed.