## Millard F. Hoskinson and Laura E. Hoskinson, Impleaded with Wm. S. Risley and Jas. P. McNair, v. Isaac W. Jaquess, Guardian of William H. Lamaster.

1.   OFFICIAL MALFEASANCE—*Fraudulent Sales.*—A judge of a Probate Court rendered a decree for the sale of an infant's lands, and procured the same to be bid off at the sale in the name of his wife, for his use, for the sum of $1,065.    The same judge approved the sale of the land so made, and soon thereafter sold the land for a sum largely in excess of the amount bid at said sale.    The sale and conveyances were held to be in fraud of the rights of the infant and were set aside, and the judge required to refund, with interest and costs, the amount which he received for the land.

Memorandum.—Bill for relief.    Appeal from the Circuit Court of Wabash County; the Hon. CARROLL C. BOGGS, Judge, presiding.    Heard in this court at the February term, 1894, and affirmed.    Opinion filed June 23, 1894.

The opinion states the case.

E. B. GREEN and GEO. P. RAMSEY, attorneys for plaintiffs in error.

BRIEF OF DEFENDANT IN ERROR, MUNDY & ORGAN, ATTORNEYS.

Defendants contended that the law will not allow a county judge to permit land of his wards to be sold, without the

bonds required before the sale of lands to pay debts is filed. Sec. 23, Starr & Curtis, Chap. 3; Young et al. v. Dowling, 15 Ill. 481.

Nor will the law permit a judge of the Probate Court to purchase at a sale ordered by himself, using his wife's name to do so; nor will a sale stand in law where it is shown that the probate judge procured the sale to be made in his wife's name and affirmed the sale as such judge, thus affirming a title in himself as her husband. A county judge can not buy at sale ordered by himself. West v. Waddell, 33 Ark. 575; Livingston v. Cochran, 33 Ark. 294; Grayson v. Waddel, 63 Mo. 523; Freeman on Void Judicial Sales, Sec. 33; Wilson v. Kellogg, 77 Ill. 47; Young et al. v. Dowling, 15 Ill. 481.

Mr. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

On December 17, 1886, the land described in the bill hereinafter mentioned, was devised by Lou Ann White to her nephew, William H. Lamaster. James P. McNair was appointed executor of her will and gave bond as such December 29, 1886. On January 17, 1887, he inventoried said land at the value of $2,100. On July 18, 1887, a decree was entered in the County Court of Wabash County, by Millard F. Hoskinson, judge thereof, for the sale of said land to pay debts. In accordance with this decree the sale thereof was made August 27, 1887, and four days thereafter the executor filed his report of sale, showing he had sold all of said land to Laura E. Hoskinson for $1,025, and had executed and delivered to her a deed for the same. This report was approved and the sale thereby confirmed by said county judge on September 5, 1887, and on September 13, 1887, Laura E. Hoskinson and her husband, said county judge, sold and conveyed said land to W. S. Risley for $2,490.

On October 31, 1893, Isaac W. Jaquess was duly appointed by said County Court, guardian for said William H. Lamaster, a minor, and on November 2, 1893, filed his bill as guardian against Millard F. Hoskinson, Laura E. Hoskinson, W. S. Risley and John P. McNair in the court below, to set

aside both the executor's sale of his ward's land and the sale thereof to Risley, and praying that the purchase money from Risley received by Laura E. and Millard F. Hoskinson be held to belong to complainant with interest, and that they be ordered and decreed to pay the same to complainant; also praying for such other and further relief as to the court shall seem meet and just.

Answers by each defendant were filed, denying some and admitting the truth of other allegations of the bill. The cause was heard on the pleadings and proof, and the court entered a decree dismissing the bill as to defendants, Risley and McNair, and finding the land described in the bill was sold by virtue of said decretal order of the Wabash County Court; that Millard F. Hoskinson was then county judge thereof, and as such, granted the said decree of sale, and procured the said land to be bid off at said sale in the name of Laura E. Hoskinson, then his wife, for his use, for the sum of $1,065; that said M. F. Hoskinson, as county judge, approved the sale of the land so made, and soon thereafter he and his said wife sold said land for, and received the sum of $2,490, being $1,465 in excess of the amount so bid at said sale. That said M. F. and Laura E. Hoskinson hold said excess in trust for said Wm. H. Lamaster, and decreed that they pay him said sum of $1,465, with five per cent interest, amounting in all to $1,901.50, and costs of suit, and that execution issue therefor. The evidence fully sustains the findings and decree. M. F. Hoskinson procured an attorney to bid off the land in his wife's name. Mahon, a witness, testified that before the sale, Hoskinson talked to him about giving him a present if he would not bid, and gave him $50 afterward for not bidding and said he had made a good purchase and sale of the land. Mrs. Hoskinson had no money and her husband borrowed the money to pay the amount of the bid and, with his wife, gave a mortgage on the land to secure the loan. At the time of the sale this county judge knew by the inventory of record in his court this land was valued at $2,100, and yet approved the sale thereof to his wife for less than half that amount, and in thirteen days thereafter joined with her in a deed

conveying said land to W. S. Risley for $2,490, $1,025 of which amount Risley agreed to pay to said mortgagee, and the balance Hoskinson took and kept for his own use, and gave his wife a deed to the premises occupied by them as a homestead, as she testified, in consideration of her consenting to his so appropriating such excess of $1,465 to his own use.

It is quite evident that Hoskinson attempted to and intended to effect a fraudulent purpose. He procured the name of his wife to be used as a bidder to make it appear he had no interest in the purchase, with the design to get the land at a low and inadequate price and sell it at a profit, in fraud of the rights of the minor devisee to whom he stood *in loco parentis*. Such acts on the part of a county judge can not be tolerated. He had no right, either in his own name or in the name of his wife, to purchase the land sold by virtue of the decree entered by himself. It was his duty as the judge decreeing the sale, to preserve and protect the minor from fraud, unfairness and imposition; to prevent, and not to aid, in the sacrifice of his property. Coffey v. Coffey, 16 Ill. 141, and cases there cited.

Judge Hoskinson and Laura E. Hoskinson both participated in the illegal transaction, and shared the illegal gains, and, in our judgment, the decree of the Circuit Court was just, and properly required them to refund, with interest and costs, the amount which equitably belonged to said minor, and of which they had wrongfully and illegally despoiled him. The decree is affirmed.