NONA MILLS COMPANY ET AL. v. ARTMES WINGATE ET AL.

Decided October 14, 1908.

**1.—Judge—Disqualification.**

Article 4, section 14, of the Constitution of 1845 provides that, "No judge shall sit in any case wherein he may be interested." The acts of a judge in a case where he is subject to any of the disqualifications mentioned in the Constitution, are void.

**2.—Same—Orders in Probate.**

A sale of a land certificate by a guardian to the judge of the court who ordered, approved and confirmed the sale, is void. And the fact that the judge was not disqualified when he granted the order to sell, and that a different judge who was not disqualified approved the guardian's final account wherein the sale was referred to, would not alter the case.

**3.—Constitution—Rule of Construction.**

A Constitution is not to be interpreted on narrow or technical principles, but liberally and on broad general lines, in order that it may accomplish the objects of its establishment and carry out the principles of government.

Appeal from the District Court of Hardin County. Tried below before Hon. L. B. Hightower.

*Greer, Minor & Miller, Smith, Crawford & Sonfield, Taliaferro & Nall, W. W. Cruse* and *John L. Little,* for appellants.—That the trial court erred in its conclusions of law that the heirs of William Wingate should recover the land in controversy, cited: Const. of Texas of 1845, art. V, sec. 14; 17 Am. & Eng. Ency. of Law (2d ed.), p. 735; Newcome v. Light, 58 Texas, 146; Glavecke v. Tijirina, 24 Texas, 670; McFarlane v. Clark, 39 Mich., 44 (33 Am. Rep., 346) ; (the above authorities relate to the question of disqualification;) Whitaker v. Thayer, 86 S. W., 364; Berryman v. Biddle, 107 S. W., 922; Peters v. Caton, 6 Texas, 559; Neill v. Cody, 26 Texas, 289; Pendleton v. Shaw, 18 Texas Civ. App., 439; Robertson v. Johnson, 57 Texas, 62; Moody v. Butler, 63 Texas, 210; Corley v. Anderson, 5 Texas Civ. App., 213; Simmons v. Blanchard, 46 Texas, 266; Erhard v. Bass, 54 Texas, 97; Sypert v. McCowen, 28 Texas, 635; Ferguson v. Templeton, 32 S. W., 148; Galbraith v. Howard, 11 Texas Civ. App., 230; Dooley v. Montgomery, 72 Texas, 429.

*Greers & Nall, D. Edward Greer* and *G. P. Dougherty,* for appellees. —A judgment, order or decree made by a judge of a court in a cause in which he is interested, in violation of section 14 of article 4 of the Constitution of 1845, is not merely voidable, but is absolutely void, and can be collaterally attacked at any time. Constitution of 1845, art. 4, sec. 14; Black on Judgments, sec. 266; Freeman on Judgments, sec. 146; Chambers v. Hodges, 23 Texas, 104; Templeton v. Giddings, 12 S. W., 851; Burks v. Bennett, 62 Texas, 277; Frieburg v. Isbell, 25 S. W., 988.

Where property of an estate under the control of the Probate Court is sold by an administrator or guardian to the presiding judge of said

court, under and by virtue of an order of sale made by said judge, the judge is disqualified to take the title to such property at such sale, and the order of sale and the sale are parts of one transaction, and the order of sale, as well as the sale, is void. Frieburg v. Isbell, 25 S. W., 988; Livingston v. Cochran, 33 Ark., 295; Halsey v. Jones, 25 S. W., 697; Halsey v. Jones, 86 Texas, 488.

It is not the office of an order of confirmation of a judicial sale to render a void sale valid, and it is beyond the power of a court to validate a void sale by an order of confirmation where the invalidity of a sale is shown by the record, and this is especially true where the sale is void for want of power in the officer making the sale. Rose v. Newman, 26 Texas, 131; Stafford v. Harris, 82 Texas, 178; Ball v. Collins, 5 S. W., 622; Teague v. Swasey, 102 S. W., 458.

It is necessary to the validity of an administrator's or guardian's sale of property of an estate under the control of the Probate Court that the sale be confirmed by an order of confirmation made by such court, and those decisions holding that the approval of the final account of an administrator or guardian is sufficient are purely dicta. Rev. Stats., art. 2675; Harrison v. Ilgner, 74 Texas, 86; Swenson v. Seale, 28 S. W., 143; Harris v. Brower, 3 Texas Civ. App., 649.

NEILL, Associate Justice.—This appeal is from a judgment rendered in favor of appellees against appellants for two surveys of land located by virtue of a certificate for one-third of a league issued to the heirs of William Wingate. The appellees claim as and through the heirs of William Wingate, and the appellants through a purported guardian's sale of the certificate. If such sale was valid, appellants are entitled to recover the land in controversy. If the sale was void the judgment must be affirmed.

The uncontroverted facts, which were found by the court, who tried the case without a jury, are, in substance, as follows: On February 2, 1858, Isaiah Junker, county judge of Jefferson County, Texas, entered an order in said court, while sitting for probate and other like purposes, appointing Tabitha Wingate guardian of the estate of the minor children of William Wingate, to whom, as decedent's heirs, the certificate referred to was issued. Tabitha duly qualified as guardian of the estate of said minors under said appointment, and on February the 6th an inventory and appraisement of the estate, showing that the certificate in question was the only property of said estate, was duly filed. This inventory and appraisement was approved by said court on February 23, 1858. On the same day, upon a proper application, it was ordered by said court that the guardian of the estate, after giving lawful notice of the time and place of sale, should, on Tuesday, the 11th day of March, 1858, at the courthouse door in the town of Beaumont, between the hours prescribed by law, sell at public sale to the highest bidder, for one-half cash and the balance on a credit of twelve months, with lien note and approved personal security, all the right, title and interest of the said minors in and to said one-third league certificate. On March 29, 1858, the guardian of the estate filed in said court her report of sale, addressed to Isaiah Junker, Chief Justice of Jefferson County, which is as follows:

"The undersigned, Tabitha Wingate, guardian of the minor heirs of William Wingate, deceased, in accordance with your order and the law in such case made and provided, on the 11th day of March, 1858, made the sale of the headright certificate of said decedent and returns the following account: I. Junker bought the said certificate No. 5091-5092 for 1,476 acres, at fifty cents per acre. . . . $738." On the same day an order was entered by said court approving and confirming this report or account of sale, and the guardian ordered to execute the necessary deed to the purchaser. Whereupon, a deed bearing date the 29th of March, 1858, reciting the order of sale, the report of sale and the order of the court confirming the same, was executed by Tabitha Wingate, as guardian of the heirs of William Wingate, deceased, to Isaiah Junker, who was, during all of said probate proceedings, Chief Justice and County Judge of Jefferson County, Texas, and who presided as such judge over said court, and as judge thereof granted all the orders above mentioned affecting the sale of the certificate. Isaiah Junker lived in Jefferson County, Texas, from 1849 until 1870, the date of his death.

On January 29, 1861, Mrs. Wingate filed in the County Court her final account as guardian of the estate of the Wingate minors, in which she debits and credits herself as follows:

"Dr.:

"To amount derived from sale of land certificate, as per account of sale, one-half cash, and balance in six months from date thereof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $738.00

"Interest thereon from the date of the receipt thereof at ten percent, to this date, about . . . . . . . . . . . . . . . . . . . . . . . . . . . . 191.00

$929.00

"Cr.:

"By the maintenance and support of my five wards above mentioned, six years and a half after the death of my said husband, Wm. Wingate, and to the present time, at about $3.00 each per month . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,170.00

Showing a balance due this guardian of . . . . . . . . . . . . . . . . . $241.00"

This account was ordered approved and the guardian discharged by the court on the same day, A. J. Ward then being the judge of said court.

Upon these undisputed facts the only question of law to be determined is: Was the sale of the certificate made by the guardian of minors to Isaiah Junker, the judge of the court, who ordered, approved and confirmed the sale, void? This was answered in the affirmative by the trial court, and we have no doubt as to the correctness of its decision.

Article 4, section 14, of the Constitution of 1845, provides that: "No judge shall sit in any case wherein he may be interested." It has been uniformly held in this State that the acts of the judge, in a case where he is subject to any of the disqualifications mentioned in the Constitution, are void. Chambers v. Hodges, 23 Texas, 104; Newcomb v. Light, 58 Texas, 141; Templeton v. Giddings, 12 S. W., 851; Andrews v. Beck,

23 Texas, 455; Burks v. Bennett, 62 Texas, 277; Gains v. Barr, 60 Texas, 676; Jouett v. Gunn, 13 Texas Civ. App., 84; Johnson v. Johnson, 89 S. W., 1104.

It is, however, conceded by the appellants that the order of confirmation of the sale of the certificate by the judge of the court, who purchased it, was void by reason of the constitutional inhibition. But their insistence is that, notwithstanding its invalidity, he not being disqualified when the order of sale was granted, such order was valid, and that he did not become disqualified until he became the purchaser at the sale which he had ordered; and that, therefore, the sale to him was valid, and the approval of the guardian's final account by another judge was, in effect, a confirmation of the sale. This contention, in our opinion, is founded upon such a narrow construction of the constitutional inhibition against a judge sitting in a case wherein he "may be interested" as would, in many cases, thwart its obvious purpose.

It is a canon of construction that "A constitution is not to be interpreted on narrow or technical principles, but liberally, and on broad, general lines, in order that it may accomplish the objects of its establishment and carry out the great principles of government." Black on Interpretation of Laws, 13.

The constitutional inhibition in question is but a reiteration of the ancient maxim, *"Nemo debit esse judex in propria sua causa,"* which is translated in the language of, and has its place in, the laws of every civilized nation in the world. It is so deeply imbedded in the human breast as to place beyond contemplation a determination by a judge of his own case or any case in which he may be interested.

Judge Junker, having purchased the certificate at the sale made by a guardian on an order made by himself, *ipso facto* became interested in the matter of guardianship pending before him; his title to the property depended upon the validity of the order of sale, which might have become the subject of review during the pendency of the matter of guardianship of the estate, and by his purchase he precluded himself from passing upon any question that might have afterwards been raised as to the validity of the order which was the origin of his claim to the property. From this it seems to us that the order of sale should not, as between him and the wards of the guardian, be held to be of such validity as would support the sale of the property to him. But on the contrary, it should be adjudged of no effect whatever when invoked by him or those claiming under him. Besides, we think that a judge is incapable of purchasing at a sale the validity of which he must, in his official capacity, pass upon. Frieburg v. Isbell, 25 S. W., 988; Halsey v. Jones, 25 S. W., 697; Livingston v. Cochran, 33 Ark., 295; Walton v. Torrey, Harr. Ch., 259.

But be this as it may, the confirmation of the sale, which was essential to its validity, by the judge who purchased the certificate, was, by reason of his interest, unquestionably void, as was the deed to him by the guardian, reciting the sale and confirmation. No title having passed by the deed based upon the void order of confirmation, neither lapse of time nor any subsequent proceedings in the matter of guardianship could inspire it with vitality. It was "as dead as a door nail" when it

was delivered to Judge Junker, and could afterwards be no more gal-
vanized into life than a corpse.

All the cases cited by appellants in their brief, as well as any others
known to us, to sustain their contention that the order of January 29,
1861, approving the guardian's final report, was in effect a confirmation
of the sale by the guardian of the certificate to Junker, rest upon the
presumption that, where the record is shown to be lost or fails to recite
an order essential to the validity of a sale, such an order was duly made.
But here we have a case where the record shows upon its face, in con-
nection with the undisputed facts, that the judge who confirmed the
sale of the certificate was the purchaser thereof. This excludes any pre-
sumption of a valid order of confirmation, but shows indubitably its
invalidity.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.