(108 So. 864)

MEEKS et al. v. MILLER et al. (7 Div. 606.)

(Supreme Court of Alabama. May 13, 1926. Rehearing Denied June 10, 1926.)

1. Judges ⬤⟜49(1).

Judge is disqualified unless beyond imputation, in law, of bias or prejudice or influence of relations in life, recognized by Code 1923, §§ 8570–8572.

2. Executors and administrators ⬤⟜144.

Administrator is trustee for benefit of distributees and creditors, and cannot directly or indirectly purchase for himself property he is required to sell.

3. Executors and administrators ⬤⟜144.

Sale by administrator to himself is not void, but voidable on seasonable application.

4. Principal and agent ⬤⟜69(8).

After termination in good faith of relationship, agent is free to negotiate for his own interest, and can act adversely to his former principal.

5. Executors and administrators ⬤⟜144.

Executors or administrators having interest in property belonging to estate may purchase same at their own sale, in absence of unfairness.

6. Equity ⬤⟜67.

Aside from statutes of limitation, courts of equity will discourage laches and delay in enforcement of rights.

7. Equity ⬤⟜54.

Nothing can call court of chancery into activity save conscience, good faith, and reasonable diligence.

8. Equity ⬤⟜219.

Laches shown on face of bill may be taken by demurrer.

9. Executors and administrators ⬤⟜144.

Voidable sale of property of estate to its administrator must be challenged by proper and timely application.

10. Equity ⬤⟜80 — Limitation of action for fraud runs in equity from discovery thereof or from time when fraud should have been discovered (Code 1923, § 8966).

When fraud is concealed, limitation of one year under Code 1923, § 8966, will, in court of equity, be *held* to run from discovery of fraud or from time when fraud should have been discovered.

11. Equity ⬤⟜71(2).

Dismissal of bill seeking cancellation of deeds under order for sale of land *held* proper as to parties made defendants more than 20 years after alleged sale and more than one year after death of plaintiff's insane predecessor in title.

12. Equity ⬤⟜150(1).

Bill to cancel deeds under order of sale of lands, now held by separate and independent respondents, in different right, and subject to different rules of equity, *held* properly dismissed for misjoinder of parties defendant.

Appeal from Circuit Court, St. Clair County; W. J. Martin, Judge.

Bill in equity by Jennie Meeks and others against G. C. Miller and others. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

J. S. Fannin, C. B. Powell, and G. M. Edmonds, all of Birmingham, for appellants.

A judge of court, fiduciary, trustee, or agent cannot become purchaser of land of which he has control or dominion, or to which he stands in confidential relation. 28 C. J. 1187; Frantz v. Lester, 82 W. Va. 328, 95 S. E. 945, 2 A. L. R. 1558; Hoskinson v. Jaquess, 54 Ill. App. 59; Nona Mills Co. v.

Wingate, 51 Tex. Civ. App. 609, 113 S. W. 182; Frieburg v. Isbell (Tex. Civ. App.) 25 S. W. 988; Halsey v. Jones (Tex. Civ. App.) 25 S. W. 697; Livingston v. Cochran, 33 Ark. 295; Saltmarsh v. Beene, 4 Port. 283, 30 Am. Dec. 525; Calloway v. Gilmer, 36 Ala. 354. A sale will be set aside for inadequacy of purchase price, especially when coupled with other badges of fraud. Hurt v. Nave, 49 Ala. 459. The case is without the bar of limitations. Code 1896, §§ 2795, 2907. A judgment rendered by a special judge without proper authority is a nullity. 33 C. J. 1072.

J. A. Embry and J. P. Montgomery, both of Ashville, for appellees.

The judgment of a disqualified judge is not void; it is infected with error, but until reversed is valid and operative. Jeffersonian Publish. Co. v. Hilliard, 105 Ala. 576. 17 So. 112; Hayes v. Collier, 47 Ala. 726; Hine v. Hussey, 45 Ala. 496. Demurrer to the bill was properly sustained. Bank v. Walkley, 169 Ala. 648, 53 So. 830; Marx v. Clisby, 130 Ala. 502, 30 So. 517; Interstate T. & B. Co. v. Natl., etc., Bank, 200 Ala. 424, 76 So. 356.

THOMAS, J. The suit was at law, filed December 31, 1921, process executed August 21, 1922, and duly removed to the chancery docket. The recited pleading was conformable to the order of removal. Stover v. Hill, 208 Ala. 575, 94 So. 826.

The appeal is from a decree sustaining demurrers to the bill as amended. It had for its purpose the declaring null and void an order of sale of lands and all the proceedings relating thereto, and for cancellation of certain deeds by alleged purchasers at said sale, etc. The special judge was appointed under section 3381 of the Code of 1896, providing for a special judge where the presiding judge is "incompetent for any legal cause" to act in the premises.

[1] It needs no citation of authorities to the proposition that one may not sit in judgment in a matter in which he is interested. This rests upon the fact that the final arbiter must be beyond the imputation, in law, of bias or prejudice or the influence of the relations in life recognized by our statutes of disqualification—statutory and common-law. Woodmen v. Alford, 206 Ala. 18, 89 So. 528; Gill v. State, 61 Ala. 169; chapter 309, vol. 4, Code 1923.

[2] From such fundamentals come the long prevailing rule that a judge, fiduciary, trustee, or agent is not permitted to become the immediate purchaser of land of which officer or person has direction, dominion, or control in representative capacity or stands in confidential relation to the owner. In Saltmarsh v. Beene, 4 Port. 283, 292, 293, 30 Am. Dec. 525, it is said of the English rule:

"In Ex parte James, 8 Ves. Jr. 345, it was decided that the purchase was not permitted in any case, however honest the circumstances; the general interests of justice requiring it to be destroyed in every instance—no court being equal to the investigation and ascertainment of the truth in much the greater number of cases. Lord Rosslyn was of an opinion, that to authorize the sale to be set aside, it should be shown that the agent or trustee had gained an advantage by the purchase. Whichcote v. Lawrence, 3 Ves. Jr. 750. But the correctness of Lord Rosslyn's opinion is denied by Lord Eldon, in the cases of Ex parte James and Ex parte Bennett [10 Ves. Jr. 381] already cited. And the true rule now recognized in the courts of chancery, both in England and in this country, is that laid down in Lord Alvanley, in Campbell v. Walker [5 Ves. Jr. 680], that a trustee purchasing the trust property, is liable to have the purchase set aside, if in any reasonable time thereafter the cestui que trust makes known his dissatisfaction."

This was approved in Calloway v. Gilmer, 36 Ala. 354. It follows that the rule long prevailing in this jurisdiction is that a trustee employed or appointed cannot directly or indirectly for himself effect a purchase of the property he is required to sell; and an administrator has been held to be a trustee for the benefit of distributees and creditors. Evans v. Evans, 200 Ala. 329, 330, 76 So. 95.

In Cottingham v. Moore, 128 Ala. 209, 213, 30 So. 784, 785, is contained an extended statement of the rule:

"No principle of equity is more firmly ingrafted on the jurisprudence of this country than that a purchase by a trustee for his own benefit at a sale of the trust property, is voidable at the option of the cestui que trust, and will be set aside on timely application made for that purpose. And in the application of this rule it is unimportant whether the purchase be made directly or indirectly, in person, or through an intermediary who subsequently reconveys to the trustee, and without regard to the question of fairness in the purchase. This doctrine is too familiar to call for citation of authorities. Such sales, however, are not per se void, but only voidable at the option of the beneficiary or cestui que trust, when seasonably expressed, though in some adjudged cases there may be found loose expressions to the effect that the purchases of trustees are void, or that a trustee cannot purchase at his own sale."

After some review of the earlier cases, this rule was again declared in Schloss & Kahn v. Brightman, 195 Ala. 540, 543, 544, 70 So. 670, 672:

"In Bank of Wetumpka v. Walkley, 169 Ala. 648, 53 So. 830, this court said: 'It has been long and well settled by the decisions of this court that a purchase by a trustee for his own benefit at a sale of the trust property is voidable at the option of the cestui que trust, and will be set aside on timely application made for that purpose; and in the application of this rule it is unimportant whether the purchase be made directly or indirectly, in person or through an intermediary, who subsequently reconveys to the trustee, and without regard to the fairness of the purchase. * * * The authorities recognize and sanction but a single ex-

ception to this rule; that is, that executors and administrators, who have an interest in the property sold, may purchase at a sale of the property of the estate, provided there is no unfairness, and property is exposed for sale under the ordinary mode, and under such circumstances as will command the best price.' See, also, Cottingham v. Moore, 128 Ala. 209, 30 So. 784; Calloway v. Gilmer, 36 Ala. 354; Foxworth v. White, 72 Ala. 224; Randolph v. Vails, 180 Ala. 82, 60 So. 159.

"The case of Penny v. Jackson, 85 Ala. 67, 4 So. 720, is of peculiar interest in this connection, and we therefore take therefrom the following quotation: 'It is unquestionable that a trustee is required to act, in all matters pertaining to the trust, with the utmost good faith, and solely for the benefit of the beneficiary; and he will not be allowed to deal with the subject of the trust, so as to gain, directly or indirectly, any advantage to himself. An advantage so gained will be construed as inuring to the benefit of the cestui que trust.'" * * *

This was adhered to in later decisions. Tolly v. Hamilton, 206 Ala. 634, 91 So. 610; Id., 209 Ala. 533, 96 So. 584.

[3] The many authorities in this and other jurisdictions are collected in note to L. R. A. 1918B, 7, to the text, that the rule is almost unanimous, both in the United States and in the British Empire, that an administrator or executor may not purchase at his own sale of the property belonging to the estate he represents. Frazer v. Lee, 42 Ala. 25; James v. James, 55 Ala. 525; Foxworth v. White, 72 Ala. 224; McMillan v. Rushing, 80 Ala. 402; Cottingham v. Moore, supra. A sale in contravention of the rule is not void, but voidable on seasonable application. Cottingham v. Moore, supra. In this respect the expressions in Charles v. Dubose, 29 Ala. 367, and Calloway v. Gilmer, 36 Ala. 354, to the effect that such sales are void, have not been followed.

[4] The exceptions to the general rule under consideration are indicated in Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 327, 94 So. 606, 609, as follows:

"* * * After one has performed his office as agent, or has in good faith severed his relation as agent, he is free to negotiate for his own interest and can act 'adversely to his former principal as fully as any other person.' McKinley v. Irvine, 13 Ala. 681; Clay v. Cummins, 201 Ala. 34, 77 So. 328; 2 C. J. 714. The purpose of the cases touching the relation of principal and agent is to secure fidelity in the agent, and as a means to this end the law will not permit the agent to place himself in a situation in which he may be tempted by his own private interest to disregard that of his principal. The infallible truth that 'a man cannot serve two masters' is the reason for the tests found in the several statements of the rule governing agency. Tisdale v. Tisdale, 2 Sneed (Tenn.) 596, 64 Am. Dec. 775; Porter v. Woodruff, 36 N. J. Eq. 174."

[5] And in the earlier decisions it was held that executors or administrators having an interest in the estate might purchase the same at their own sale, provided there was no unfairness in the sale. Brannan v. Oliver, 2 Stew. 49, 19 Am. Dec. 39; Saltmarsh v. Beene, 4 Port. 283, 30 Am. Dec. 525; McLane v. Spence, 6 Ala. 894. If unfairness exists the sale will be set aside. Payne v. Turner, 36 Ala. 623. The exception was recognized and confined to one having interest in the property sold. Calloway v. Gilmer, 36 Ala. 354; McCartney v. Calhoun, 17 Ala. 301; Julian v. Reynolds, 8 Ala. 680; Daniel v. Stough, 73 Ala. 379; Frazer v. Lee, 42 Ala. 25; Pearson v. Darrington, 32 Ala. 227; Cottingham v. Moore, 128 Ala. 209, 30 So. 784.

The several assignments of error present for review the action of the trial court in sustaining demurrer of the several defendants to the bill, among other grounds, on the theory that the facts averred show the bar of the statute of limitations, the operation of the rule of repose, and that of laches; that the same, being apparent upon the face of the bill, is available to respondents by demurrer as well as by plea or answer. Harper v. Raisin, 158 Ala. 329, 48 So. 589; 132 Am. St. Rep. 32.

[6-8] It is a familiar principle that, aside from statutes of limitation, courts of equity will discourage laches and delay in the enforcement of rights (Kidd v. Borum, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915C, 1226; Miller v. Vizzard Invest. Co., 195 Ala. 467, 70 So. 639; Turner v. Turner, 202 Ala. 515, 81 So. 17; Wooddy v. Matthews, 194 Ala. 390, 69 So. 607; Johnson v. Toulmin, 18 Ala. 50, 61, 52 Am. Dec. 212; Hendrickson v. Hinckley, 17 How. 443, 15 L. Ed. 123; Wagner v. Baird, 7 How. 234, 12 L. Ed. 681); that is to say, nothing can call forth the court of chancery into activity but conscience, good faith, and reasonable diligence (Gilmer v. Morris, 80 Ala. 78, 60 Am. Rep. 85; Hammond v. Hopkins, 143 U. S. 224, 12 S. Ct. 418, 36 L. Ed. 134; Sullivan v. Portland Co., 94 U. S. 806, 24 L. Ed. 324; Speidel v. Henrici, 120 U. S. 379, 7 S. Ct. 610, 30 L. Ed. 718). The rule is rested upon considerations of public policy (McKnight v. Taylor, 1 How. 161, 11 L. Ed. 86) and upon fair dealing with an adversary as to the property in question because of the lapse of time or the death of parties or witnesses, the loss of papers, and the intervention of equities, or other causes making it no longer safe, free from the danger of doing injustice, to proceed with a determination of the controversy (10 R. C. L. p. 396; Wooddy v. Matthews, 194 Ala. 390, 69 So. 607; Rives v. Morris, 108 Ala. 527, 18 So. 743; Hauser v. Foley & Co., 190 Ala. 437, 67 So. 252; Galliher v. Caldwell, 145 U. S. 368, 12 S. Ct. 873, 36 L. Ed. 738). Laches shown on the face of the bill may be taken by demurrer, as we have stated. Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Harper v. Raisin, 158 Ala. 329, 48 So. 589, 132 Am. St. Rep. 32.

[9] The sale not being void, but voidable, must be challenged by a proper and timely application. The suit in ejectment against respondents G. C., S. W., and L. C. Miller, A. G. Lusk, J. T. Ash, W. F. and T. R. Jones, and W. O. Rankins, was filed December 31, 1921, and process executed August 21, 1922. There was due transfer of the cause to the equity docket by order of the court on February 28, 1923. Thereafter the pleadings were made to conform to equity procedure by the bill filed in said transferred cause on March 29, 1923, and respectively amended on February 27th, April 7th, and August 5th of the year 1924. The parties respondent, appellees here, were embraced in the bill filed March 29, 1923, and the dates of execution of process of the added respondents are not given. The new respondents, Col. Matthews and R. A. Simmons, appeared and demurred to the bill on July 9, 1923; the other respondents demurred on February 27, 1924; and, after all amendments were made to the bill, all respondents again demurred to the bill as amended on August 8, 1924. The demurrers being sustained, the appeal is taken, and there is assignment of error as to the several decrees on demurrer.

The bill as amended avers the claim of title to complainant from a non compos mentis and that she died on December 26, 1921; that the proceedings in the probate court challenged were instituted by petitioner on August 1, or September or October 1, 1901, as the case was, the sale of date November 22 and report on December 9, the appointment of the special probate judge and order by the same, and the purported confirmation of said sale on July 12, 1905. The appointment of the special judge was of date December 9, 1901. The attempt to bring in as parties by the bill (filed March 29, 1923) James Gladwell, Col. Matthews, H. A. Simmons, and J. H. Burroughs (who were not parties in the ejectment), was more than a year after the death of the predecessor in title, Anne Henderson, who died on December 26, 1921, and more than 20 years after the sale made and reported December 1, 1901. Deferred payments of the purchase-money notes by G. B. Foreman, due and payable November 22, 1901, and November 2, 1903, with interest from November 22, 1901, and that of Jas. T. Green, November, 1902 and 1903, with interest from date, merely postponed the date of report of final payment and order to make deed, which is averred to have been entered by said special judge on or about July 12, 1905.

[10] Upon timely application, where one is injured by fraud of another, when the facts are concealed or do not come to the knowledge of the injured person until some time afterwards, the statute of limitations, in a court of equity, will be held to run from the discovery of the fraud, or until, by reasonable diligence, the fraud would have been discovered, after which he must have one year within which to prosecute his suit. Duncan v. Watson, 198 Ala. 180, 187, 73 So. 448; Snodgrass v. Bank of Decatur, 25 Ala. 161, 60 Am. Dec. 505; Upton v. McLaughlin, 105 U. S. 640, 26 L. Ed. 1197; Bailey v. Glover, 21 Wall. 342, 22 L. Ed. 636. The limitation in actions seeking relief on the ground of fraud is one year within which to institute suit. Code 1907, § 4852; Code 1923, § 8966; Nat. Surety Co. v. Coleman, 213 Ala. 377, 104 So. 821; Letson v. Mut. Loan Soc., 208 Ala. 285, 98 So. 288; Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606. The complainants are bound by the same implications of law and analogy of fact in a court of equity. If the non compos mentis had been restored to sanity in fact and in law on December 26, 1921, the date she is averred to have died, she would be held to have had notice of the proceeding in question and the several conveyances if of record, challenged by the bill, and the statute of limitations of one year would have prevented the maintenance of her bill filed on December 29, 1923. The same result must follow under the statute of limitations as to the new respondents indicated and before the court in the filing of their demurrer on July 9, 1923.

[11] Whether the suit may be tested under the statute or the rule of repose, the decree of the circuit court, in equity, is free from error as to the new respondents mentioned and who challenged by demurrer the sufficiency of the bill as amended.

[12] As to all of the respondents, the action of the court is sustained on the ground that there is a misjoinder of parties in this cause, it being shown that the land is held by separate and independent respondents holding in different right; that is to say, the holders by mesne conveyances from G. B. Foreman of the said lands in Sec. 36, Tp. 14, R. 2 E., and that from Jas. T. Green and W. S. Foreman in Secs. 2, 11, Tp. 15, R. 2 E., are subject to different rules of equity, and should not be confused in one suit. There is no fraudulent scheme or confederacy charged against G. B. Foreman with Jas. T. Green and W. S. Foreman, or with the Woodalls, to purchase the respective tracts of land contrary to law. There is no disqualification of the judge averred as to the sale to G. B. Foreman. It is averred that respondents H. T. Jones and H. A. Simmons (defendant only in suit in equity) are the owners of the said lands in section 36 acquired from G. B. Foreman, and that the other defendants (embracing one or more of the new defendants in equity) purchased the land from W. S. Foreman and Jas. T. Green. The status of 10 and 20 years is invoked by demurrer of each of these parties.

Under the averments of the bill, the equities of the parties are different, as we have indicated. The sale to G. B. Foreman is

merely that of confirmation or order for conveyance; that sale was not infected by the consideration of the equitable principle that there must be given to the voidable sale seasonably exercised as to the sale of a part of the lands to W. S. Foreman. Frantz v. Lester, 82 W. Va. 328, 95 S. E. 945, 2 A. L. R. 1558; Hoskinson v. Jaquess, 54 Ill. App. 59; Nona Mills Co. v. Wingate, 51 Tex. Civ. App. 609, 113 S. W. 182; Walton v. Torrey, Har. (Mich.) 259; Credle v. Bougham, 152 N. C. 18, 67 S. E. 46, 136 Am. St. Rep. 805; Davoue v. Fanning, 2 Johns. Ch. (N. Y. 252) 265–269, as to when relief may be granted; Hayward v. First Nat. Bank, 96 U. S. 611, 24 L. Ed. 855.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.