## WEIL v. LEWIS et al.
### (No. 1618.)

Court of Civil Appeals of Texas. Beaumont.
Feb. 2, 1928.

1. Judges ⬤=56—Act of judge subject to constitutional disqualification is void as between parties, and can be attacked in collateral proceeding (Const. art. 5, § 11; Rev. St. 1925, art. 15).

Act of a judge subject to disqualification under Const. art. 5, § 11, and Rev. St. 1925, art. 15, is void as between parties, and can be attacked as such in collateral proceeding at any time.

2. Judgment ⬤=9—Judgment rendered by judge related to defendant was void and left case remaining undisposed of (Const. art. 5, § 11; Rev. St. 1925, art. 15).

Where county judge was a second cousin of defendant named in judgment and third cousin of her children named therein, he being disqualified under Const. art. 5, § 11, and Rev. St. 1925, art. 15, to sit in case, judgment therein was void and without effect and left case remaining undisposed of.

3. Judgment ⬤=9—Judgment void as to one defendant because of judge's relationship was void as to other defendants (Const. art. 5, § 11; Rev. St. 1925, art. 15).

Where judgment of county court was void because judge was related to defendant therein within degree prescribed by Const. art. 5, § 11, and Rev. St. 1925, art. 15, judgment was void also as to all other defendants.

4. Judgment ⬤=9—Judge cannot render judgment on indivisible cause of action where certain parties are related within prescribed degree though not disqualified as to others (Const. art. 5, § 11; Rev. St. 1925, art. 15).

Since judge cannot dismiss suit as to party whose relationship disqualifies him under Const. art. 5, § 11, and Rev. St. 1925, art. 15, and then adjudicate as to remaining parties, he cannot render judgment on indivisible cause of action where certain parties are related within prohibited degree though not disqualified as to the others.

---

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Orange County; V. H. Stark, Judge.

Suit by Felix Weil against C. B. Lewis and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Adams & Bruce, of Orange, for appellant.

W. E. Lea and O. L. Baker, both of Orange, for appellees.

WALKER, J. On the 3d day of April, 1917, Felix Weil recovered judgment in county court of Orange county against Mrs. Susan Lewis and certain of her children named in the judgment, before D. C. Bland, county judge of Orange county at the time the judgment was rendered. Judge Bland was a second cousin of Mrs. Susan Lewis, and therefore a third cousin of her children named in the judgment. Execution duly issued upon this judgment, and after execution was issued the judgment was duly abstracted. Afterwards Mrs. Lewis died. After her death this suit was brought in the district court of Orange county by Felix Weil against her children, named in the judgment, to foreclose an asserted judgment lien against property owned by these children and not coming to them as heirs of Mrs. Lewis. The defendants in district court contested the suit to foreclose the lien, pleading that the judgment against them was void because of the relationship they and their mother bore to Judge Bland, who rendered the judgment against them in the county court. The trial court correctly sustained this plea and held the judgment absolutely void.

Section 11, art. 5, of the Constitution, provides:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case."

Article 15, Revised Statutes 1925, provides:

"No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within the third degree, or where he shall have been counsel in the case."

[1] It is admitted in this case that Judge Bland was related to Mrs. Lewis within the third degree, being her second cousin, which made him related to the other defendants within the fourth degree. Mrs. Lewis was a necessary party to the suit in the county court. It is the law of Texas that the act of a judge subject to any constitutional disqualification is absolutely void, as between the parties, and can be attacked as such in a collateral proceeding at any time. Chambers v. Hodges, 23 Tex. 104; Newcome v. Light, 58

Tex. 141, 44 Am. Rep. 604; Templeton v. Giddings (Tex. Sup.) 12 S. W. 851; Andrews v. Beck, 23 Tex. 455; Burks v. Bennett, 62 Tex. 277; Gains v. Barr, 60 Tex. 676; Jouett v. Gunn, 13 Tex. Civ. App. 84, 35 S. W. 194; Nona Mills Co. v. Wingate, 51 Tex. Civ. App. 609, 113 S. W. 182; Lee v. British, etc., 51 Tex. Civ. App. 272, 115 S. W. 320; Alsup v. Insurance Co. (Tex. Civ. App.) 283 S. W. 618.

[2-4] Being absolutely void, the order of the county court was of no effect whatever and left the case "remaining undisposed of, as completely as if the judge had not been present at the court." Chambers v. Hodges, supra; Newcome v. Light, supra. That Mrs. Lewis was dead and her heirs as such were not made parties to this suit to foreclose the judgment lien does not entitle appellant to a foreclosure against the other defendants. The judgment, being void as to Mrs. Lewis, was void as to all the defendants. Since the judge cannot make an order dismissing the suit as to a party whose relationship disqualifies him and then adjudicate upon the remaining parties (Gains v. Barr, supra; Garrett v. Gaines, 6 Tex. 435), he cannot render a valid judgment upon an indivisible action where certain of the parties are related to him within the prohibited degree, though not disqualified as to the others. His judgment is absolutely void as to all the parties.

The judgment of the trial court is in all things affirmed.