BEATTY, Justice.
This is an appeal from an order denying a motion for relief under Rule 60(b), A.R. Civ.P. We reverse and remand.
The underlying action was brought by Aliceville Tractor Company, Inc., plaintiff, against Charles Abston, defendant, to recover for an alleged indebtedness owed plaintiff by defendant. Plaintiff’s complaint was brought under common counts for goods sold and delivered and for work and labor done in the amount of $11,159.69, interest, and costs. Defendant answered by general denial, failure to state a viable claim, and accord and satisfaction.
In a non-jury trial, evidence was introduced of the account and of two security agreements evidencing the defendant’s debts. Following trial, the trial court entered judgment for plaintiff.
Defendant then filed a motion styled, “Motion for Judgment Notwithstanding the Verdict,” stating in part:
“2. At the close of the evidence, counsel for defendant made motion for a directed verdict on grounds that plaintiff’s complaint was untimely filed and was beyond the applicable Statute of Limitations. Defendant asserted in open court that the affirmative defense of the Statute of Limitations was an absolute bar to plaintiff’s claim. The evidence showed that the last work performed on defendant’s tractor, such work being the basis of plaintiff’s complaint, was in November 1981, and that the last addition of finance charges to defendant’s account was done on July 30, 1982. Plaintiff’s petition was stamped as being filed in the Circuit Court on January 23, 1986. Defendant has asserted in his Motion ... the three year Statute of Limitations which would bar plaintiff’s claim if not filed by November 1984 or by the latest on July 30, 1985.
“3. The court denied defendant’s motion in open court.
“4. Defendant now shows unto this Honorable Court and reasserts that the plaintiff’s petition is governed by the three year Statute of Limitations codified at Alabama Code § 6-2-37(1) (1975). Plaintiff’s complaint alleges that relief is due under the common count of work and labor done. This alleges a contract implied at law. The annotations to this Code Section, a copy of which is attached hereto and made a part hereof, include the cases of Hood v. League, 102 Ala. 228, 14 So. 572 (1894), and Chambers v. Seay, 87 Ala. 558, 6 So. 341 (1889). These two cases, copies of which are attached as well, stand for the proposition that plaintiff’s claim for work and labor done is barred by operation of the applicable three year Statute of Limitations.
“Wherefore, defendant prays the Court to set aside its Judgment entered on May 20, 1986, and to instead enter a judgment in accordance with defendant’s Motion for a directed verdict in favor of the defendant.”
The case action summary discloses that the plaintiff’s cause was thereafter dismissed with leave to amend, whereupon plaintiff added a count charging that defendant owed plaintiff on two promissory notes in the aggregate amount of $7,591.56, interest, attorney’s fee, and costs, which made the plaintiff’s action timely.
*1254 This amendment was followed by defendant’s motion to dismiss, the pertinent parts of which we quote below:
“The only possible rule which would permit such an amendment to be made after the trial on the merits, is [A.R. Civ.P.] 15(b) regarding amendments to conform the pleadings with the evidence.
“This rule states that if the case is tried on issues that are not raised by the pleadings, the amendment to conform the pleadings to the evidence shall be liberally granted, but only if there is an express or implied consent of the parties to proceed with such evidence that was not in the pleadings. There was no express consent to try the merits of a debt based on a special contract, nor is there an implied consent to do so. Plaintiffs case was based solely on the balances that had accrued in the defendant’s account up to 1982. The amendment does not state on its face whether the exhibits attached to it were introduced as evidence in the trial of the merits. If they indeed were not introduced during the trial, then they cannot be introduced or considered by the Court now that the case is over and the plaintiff has rested.
“In any event, the exhibits to the plaintiff’s amendment reflect an agreement between defendant and John Deere [Tractor Company (“John Deere”) ] whereby the defendant financed the repairs on his tractors through John Deere and allowed P & G Tractor Co. a security interest in the tractors. There was no evidence introduced at the trial by the plaintiff to prove its security interest in the tractor or that its interest had been perfected and thus [was] enforceable by the court.
“There was reference in the evidence to an agreement with John Deere but only to the effect that the defendant had paid the account with the money borrowed from John Deere, but that the amount was later charged back against the account by John Deere when defendant failed to make installment payments to John Deere.
“There was no evidence introduced during the trial of the merits regarding a special contract between the plaintiff and the defendant regarding these repairs. There was only evidence of an open account for work and labor done for which plaintiff filed [its] lawsuit after the Statute of Limitations had run and for which defendant’s judgment notwithstanding the verdict motion was properly granted.”
Because this was a non-jury trial, the motion styled as one for judgment notwithstanding the verdict was, in fact, a motion to alter, amend, or vacate a judgment pursuant to Rule 59(e), A.R.Civ.P. The trial court granted the defendant’s motion to alter, amend, or vacate the judgment on the ground that the statute of limitations had run against that action. In so doing, the trial court vacated its original judgment and entered an order dismissing the plaintiff’s action with leave to amend its complaint so as to state a cause of action in special contract, thus preserving the cause of action from attack via the statute of limitations. We need not comment upon the propriety of this procedure; it is the subsequent events about which defendant now complains.
Plaintiff filed its amended complaint on June 30, 1986. On July 3, the trial court entered a final judgment in favor of the plaintiff on its amended complaint:
“This matter being submitted to the Court upon the amended complaint, the Answer of the Defendant, together with testimony previously taken and the Exhibits previously introduced;
“IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Plaintiff shall have judgment against the Defendant for the sum of $10,921.04, and costs of Court.”
However, the judgment was not filed until July 11, 1986. On that same date, the defendant filed a motion to dismiss the plaintiff’s amended complaint, raising: (1) the applicability of Rule 15(b), A.R.Civ.P.; (2) the absence of evidence of any special contract; and (3) the absence of evidence of any security interest. The trial court denied defendant’s motion to dismiss on August 14, 1986.
*1255 Thereafter, on October 8, 1986, defendant moved under Rule 60(b), A.R.Civ.P., for relief from the judgment on the ground that the judgment had been entered without notice to him and without an opportunity to be heard:
“As grounds for this motion, Defendant would show unto the Court that the judgment was initially entered in this cause on May 20, 1986. On motion of Defendant for Judgment Notwithstanding the Verdict, the judgment of May 20, 1986, was dismissed [sic] and indeed Plaintiffs case was dismissed, with Plaintiff given leave to amend his complaint. At that time, Defendant notified the Plaintiff and the Court of his intention to file an objection to the filing of any such amendment.
“Plaintiff filed his amendment on June [3]0, 1986. On July 11, 1986, Defendant filed his motion objecting to the amendment. Before Defendant’s motion could be heard, the judgment which is now objected to, was entered on the case action summary sheet and dated July 11, 1986. Defendant received no notice from the Court of the entry of a judgment based on the amendment.
“On August 14, 1986, Defendant’s Motion to Dismiss the amendment was heard and denied. On September 14, 1986, Defendant received notice through the Court of entry of the order of August 14, 1986, and for the first time, was apprised of the entry of the judgment on July 11, 1986.
“It is Defendant’s position that the judgment should not have been entered until Defendant’s motion was heard, and it is still the Defendant’s position that the amendment should not have been granted, since the special contract produced by the Plaintiff at the hearing on August 14, 1986, was between the Defendant and John Deere Tractor Company, rather than one between the Plaintiff and the Defendant. There remains no special contract between these parties to which the six year Statute of Limitations would apply.”
Defendant’s motion for relief from judgment was denied, and this appeal ensued.
A recapitulation of the facts of this case reveals, first, a simple action on the common counts for goods sold and work and labor done. The complaint itself showed that the work involved was performed between August 1981 and July 1982. The evidence revealed that defendant paid for the work by two installment contracts between defendant, as borrower, and John Deere Tractor Company (“John Deere”), as lender. The proceeds from these contracts were paid by John Deere to plaintiff, who, in return, guaranteed the payment to John Deere. When defendant defaulted on his payments, John Deere recovered from plaintiff the amount owed, and that amount was charged to defendant’s account with plaintiff.
Defendant maintains that he was entitled to relief under Rule 60(b)(4) (that “the judgment is void”) or, alternatively, 60(b)(6) (“any other reason justifying relief from the operation of the judgment”).
Although the plaintiff asserts on appeal that Rule 15(b) was adhered to in allowing the amendment in question, it is not established by the record that the case was tried on the special contracts, the promissory notes. The notes themselves appear to have been introduced in support of the amendment, not before. What does appear is that, perhaps due to the complication caused by the successful motion to alter, amend, or vacate a judgment, the trial court inadvertently ruled upon the amended complaint without affording the defendant an opportunity to either present authorities in support of his motion to dismiss the amendment, or to answer that amendment and, if he chose, to present evidence thereon. Defendant was thus denied the right to a hearing on both the propriety and the substance of the amendment.
We are not unmindful of the scope of our review when relief under Rule 60(b)(6) is sought. As was stated in Textron, Inc. v. Whitfield, 380 So.2d 259, 260 (Ala.1980):
“On review of a ruling of a trial court on a Rule 60(b)(6) motion, the appellate court will not disturb the decision of the trial court except where it is determined *1256 ‘that there is an absence of reasonable cause, that rights of others subsequently-arising would be adversely affected, or that it is unjust.’ Nunn v. Stone, [356 So.2d 1212 (Ala.Civ.App.1978) ]. The decision of whether to grant or deny the motion is within the sound discretion of the trial judge, and our standard on review is whether the trial judge abused that discretion. Pierson v. Pierson, 347 So.2d 985 (Ala.1977).”
See also Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala.1981). We conclude that the procedure adopted was unjust, and, thus, that the well-intentioned trial judge abused the discretion reposed in him. Accordingly, the order appealed from is due to be reversed and the cause remanded for further proceedings consistent with this opinion. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.