[Yonge v. Hooper.]

# Yonge *v.* Hooper.

*Bill in Equity to set aside Decree of Chancery Court, rendered in favor of Attorney against Client by Consent.*

1. *Decree in vacation dismissing bill ; when erroneous.*—The absolute dismissal of a bill in equity, in vacation, on a submission of the cause on demurrer and on motion to dismiss for want of equity, without reserving to the complainant any right to amend, is a reversible error.

2. *Relation of attorney and client, that of trustee and cestui que trust.* Attorney and client sustain to each other the severe relation of trustee and *cestui que trust*, and their dealings with each other are subject to the same intendments and imputations as obtain between other trustees and their beneficiaries.

3. *Judgment confessed by beneficiary in favor of trustee ; burden of proof on latter to repel presumption of undue influence.*—When a judgment is confessed by a beneficiary in favor of his trustee, or a deed is made by the former to the latter, in the absence of explanation, the intendment is, that the judgment or conveyance was obtained by undue influence, and the burden rests on the trustee to repel such intendment.

4. *Bill by married woman to set aside consent decree, foreclosing mortgage; when without equity.*—A bill by a married woman, seeking to set aside a decree in equity, rendered by consent of herself and husband, foreclosing a mortgage on land, her equitable estate, purporting to have been executed by herself and husband to an attorney, to secure a note for professional services rendered by the attorney, at the husband's instance and request, but without her knowledge, in representing her in litigation in which her property was involved, which does not charge wrong or fraud on the part of the husband, or an active participation on the part of the attorney, in procuring her signatures to the note and mortgage, and which, without denying that she executed them, avers that she may have signed them, but that if she did, her signature thereto was "only obtained by the dictation, direction and control of her said husband," while alone, without her knowledge of their contents, and that "it was the custom of her husband, whenever he wished her to do or sign anything, to say to her, ' do this or sign this,' and it was equally her custom, in obedience to the unquestioned and unquestionable control he had exercised over her, to do and sign whatever he bade;" and which, without negativing the idea that her husband was her trustee, clearly shows that he managed and controlled her property, and the litigation concerning it, and that she acquiesced in this with unquestioning trust and confidence,—is without equity; her signature to the note and mortgage being, under this state of facts, as binding on her as it would have been, had the papers been fully explained to her.

5. *Same.*—The complainant, in such case, must also show that the decree obtained was inequitable, in order to be entitled to relief; and hence, the bill in this case was held to be defective on the further ground that it did not deny that the professional services, the consideration of the note, were rendered, or that they were reasonably worth the sum charged.

6. *Consent decree in favor of attorney against client ; when may be opened.*—Such decree, if rendered on answer and consent prepared for

[Yonge v. Hooper:]

the wife and her husband by the attorney, while the relation of attorney and client existed, and at a time when he was engaged in active professional duties in defending the wife's property, can not be sanctioned beyond a fair and reasonable compensation for the services rendered by him for her; and if the sum decreed is too large, this, on proper pleading and proof, will authorize a court of equity to open the decree, and set aside a sale made thereunder, the decree standing as security only for the sum ascertained to be due, and the *onus* being on the attorney to prove the reasonableness of his charges.

APPEAL from Lee Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed on 25th July, 1881, by Mary A. Yonge against George D. and George W. Hooper, having for its main purpose the vacation and annulment of a decree rendered by the Chancery Court of Lee county on 11th June, 1875, foreclosing a mortgage on land, the equitable estate of Mrs. Yonge, on a bill filed against her by the said George D. and George W. Hooper; and of a sale of the land under said decree. A copy of the record in the foreclosure suit is made an exhibit to the bill as amended; and from this exhibit, as well as from the averments of the bill, it appears that the mortgage foreclosed in that suit was dated 10th September, 1872, purports to have been executed and acknowledged by Mrs. Yonge and her husband, since deceased, and was given to secure two promissory notes purporting to have also been signed by Mrs. Yonge and her husband, and to have been given for professional services rendered by the said Hoopers, as attorneys-at-law, " in relation to the separate estate of Mary A. Yonge." It further appears from the averments of the bill, that said decree was rendered on a joint answer of Mrs. Yonge and her husband, filed in that cause, in which they admitted all the substantial averments of the bill, and on a written consent that said decree should be rendered, signed by her and her husband; that both the answer and the written consent were prepared by the said George D. and George W. Hooper; that, at the time of the preparation and signing of these papers, the said Hoopers were representing Mrs. Yonge, as her solicitors, in a cause brought against her and her husband by a third party, and pending in said court, for a foreclosure of a mortgage which she and her husband had executed on the lands covered by the mortgage executed to the Hoopers; and that on the same day on which she signed said written consent, the said Hoopers, acting for her, and as her solicitors, filed her answer in said cause. It is also averred that she signed the answer in the suit brought by the Hoopers, and the consent for a decree to be entered in their favor, at the request of her husband, without having read them, or having been informed of their contents. The other features of the bill are sufficiently

[Yonge v. Hooper.]

indicated in the opinion. To the bill as amended the defendants interposed a demurrer, assigning numerous grounds, and also moved to dismiss it for want of equity. On the submission of the cause on the demurrer and motion to dismiss, the chancellor was of the opinion that the bill was without equity, and caused a decree to be entered, dismissing it. This decree was rendered in vacation, is absolute in its terms, and fails to reserve to the complainant the opportunity of amendment.

The decree dismissing the bill is here assigned as error.

H. C. LINDSEY, for appellant.

GEO. W. HOOPER, contra.

STONE, J.—The decree of dismissal, in this case, was rendered in vacation, is absolute in its terms, and reserves to the appellant no right of amendment. For this reason it must be reversed.—*Kingsbury v. Milner*, 69 Ala. 502; *Bishop v. Wood*, 59 Ala. 253.

Attorney and client sustain to each other the severe relation of trustee and *cestui que trust*, and their dealings together are subject to the same intendments and imputations, as those which obtain between other trustees and their beneficiaries. When a conveyance is made by the beneficiary to the trustee, or a judgment confessed by the former to the latter, in the absence of explanation the intendment is, that the conveyance or judgment was obtained by undue influence, and the burden rests on the trustee to repel such imputation.—*Thompson v. Lee*, 31 Ala. 292; *Calloway v. Gilmer*, 36 Ala. 354; *Ferguson v. Lowery*, 54 Ala. 510; *Waddell v. Lanier*, 62 Ala. 347. We cite the following authorities, without intending to adopt the extreme views expressed in some of them. We will state hereafter the extent to which they are to be followed.—*Draper's Co. v. Davis*, 2 Atk. 295; *Wood v. Downes*, 18 Ves. 120; 1 Perry on Trusts, § 203; *Starr v. Vanderheyden*, 9 Johns. 253; *Merritt v. Lambert*, 10 Paige, 352; *DeRose v. Fay*, 4 Edw. Ch. 40.

The bill in the present case, as amended, is defective in several particulars. It does not contain a denial that Mrs. Yonge executed the two notes and the mortgage on which the decree was rendered, which this bill seeks to vacate. Its language is, "It may be that the name of your oratrix, in her own handwriting, may be subscribed to said pretended notes of date September 10th, 1872, and the like pretended mortgage of same date." It adds: "If such is the case, her said signature was only obtained by the dictation, direction and control of her said husband, at their own house and alone, and without her

[Yonge v. Hooper.]

knowledge as to what the papers were, or imported to be, and without the presence of any witness. That it was the custom of her husband, whenever he wished her to do or sign any thing, to say to her, ' do this, or sign this;' and it was equally her custom, in obedience to the unquestioned and unquestionable control he had and exercised over her, to do and sign whatever he bade." The bill charges no wrong or fraud practiced by Mr. Yonge on his wife, the complainant, and does not negative the idea that he was her trustee. It clearly shows that he managed and controlled her property and the litigation concerning it, and that she acquiesced in this, with unquestioning trust and confidence. There can be no question that, under this state of facts, her signatures to the papers are as binding on her, as if the papers had been fully explained to her. It was her own fault, if having such confidence in her husband, she executed the papers without knowing their contents. No active participation is charged on the Hoopers, in procuring these signatures, and, as we have said, no fraud is charged on the husband. *Gœtter v. Pickett*, 61 Ala. 387. Then, this transaction must be treated, as if Mrs. Yonge voluntarily executed the notes, knowing their contents. If Mr. Yonge employed the Hoopers to represent the interests of his wife, in litigation concerning her property, and she gave her notes to secure the fee, it follows that, having an equitable separate estate, such notes are *prima facie* a charge upon such separate estate.—2 Brick. Dig. 86–7.

A notable defect in this bill is, that it nowhere denies that the professional services, impliedly admitted to have been the consideration of the notes, were rendered by the Hoopers, or that they were reasonably worth the sum charged. A complainant, in such a case as this, must show the decree obtained was inequitable, or he has no standing in court.—*Secor v. Woodward*, 8 Ala, 500; *Crafts v. Dexter*, *Ib.* 767: *Givens v. Tidmore*, *Ib.* 745; 1 Brick. Dig. 666, § 376; Freeman on Judg. § 516. The present case must be determined on precisely the same principles, as if the decree was against Mr. Yonge, seeking to subject his property to its payment.

For all equitable purposes, the decree obtained in 1875, under which the lands were sold in 1876, must be treated as a confessed judgment. According to the averments of the bill, the answer of the defendants and the consent for decree were drawn by the defendants, while the relation of attorney and client existed between them, and at a time when they were engaged in active professional duties in defending Mrs. Yonge's property. If this be so, then the law will not sanction such transaction beyond a fair and reasonable compensation for the services rendered by them for her. If the sum claimed and de-

[Allen, Ex'r, v. Terry, Trustee.]

creed is too large, this, on proper pleadings and proof, will make it proper to open the decree and set aside the sale, holding it good only as a security for the sum ascertained to be due, the *onus* being on the Hoopers to prove the reasonableness of the charge, or charges.

This is not a bill of review. It is a bill to set aside a confessed judgment, or rather decree, on the alleged ground that the trust and confidence the relation imposed, have been abused. The complainant avers that she was ignorant of the decree, and of the sale under it, until a very short time before this bill was filed. We will not pronounce on the question of lapse of time, or staleness.

Reversed and remanded.