# Little *v.* Knox.

*Bill in Equity by Client against Attorney for Accounting, &c.*

1. *Attorney and client; relief in equity.*—A bill for discovery, to set aside a purchase by the defendant of property belonging to the complainant, and for an accounting, showed that complainant, an aged widow, employed defendant, an attorney at law, to take charge of her husband's estate and to represent her, as administratrix and as sole distributee; that while this relation existed defendant purchased property in which complainant was interested for less than its value, on credit and without security; that defendant retains funds of the estate to an unreasonable amount under claim of compensation for his services; and that complainant's rights as distributee of her husband's estate, as surety for the guardian of a minor, and as creditor of the minor have, by the advice and acts of the defendant, become intermingled: *Held*, that on the facts stated complainant was entitled to equitable relief.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

The nature of the bill in this case is stated in the opinion. The principal grounds of the defendant's demurrer to the bill were that the complainant had a complete and adequate remedy at law; the statute of limitations of one year; that nothing was averred in the bill which would entitle the complainant to relief as on a bill for a discovery; and that the bill showed no fact which rendered complainant incapable of attending to the business of the estate of her husband or which made her subject to imposition by the defendant.

CLEMENTS & BREWER, for the appellant. 1. The appellee had her remedy at law.—*Dickinson v. Lewis*, 34 Ala. 638; *Cockrell v. Smith*, 66 Ala. 2. The statute of limitations of one year applies.—Code, § 2615, par. 8; *Ib.* § 2619, par. 6. 3. The averments are not sufficient to make this a bill of discovery.—*Dickinson v. Lewis, supra.* 4. No fact is averred which shows that appellee was incapable of attending to her duties of administration, or which made her the subject of appellant's imposition.

J. C. RICHARDSON, *contra*, cited *Yonge v. Hooper*, 73 Ala. 119; *Dickerson v. Bradford*, 59 Ala. 581; *Ware v. Russell*, 70 Ala. 174; *Goodman v. Walker*, 30 Ala. 482; *Kesling v. Shaw*, 91 Am. Dec. 644; 1 Perry on Trusts, §§ 202, 203; Weeks on Attorneys, §§ 268, 273, 282.

[Little v. Knox.]

THORINGTON, J.—The bill shows the appellee to be an aged widow who, when but recently bereaved of her husband, employed appellant as an attorney at law to take charge of her husband's estate by representing her as administratrix, and also as sole distributee. She committed the entire management of the business to her attorney, acted implicitly on his advice, and being without experience in business matters, looked entirely to him for the protection of her interests and for the settlement of all the affairs of the estate. Facts are averred showing an abuse of her confidence by appellant, dealings by him with the assets belonging to the estate, or in which it was interested, to his own advantage and to the damage of the estate, and the retention by him of funds of the estate to an unreasonable amount under a claim of compensation for his services.' The bill seeks a discovery of assets alleged to have been collected by appellant, also to set aside a purchase made by him of property belonging to appellee or in which she was interested, and for an account. Appellant demurred to the bill, the demurrer was overruled by the Chancery Court, and an appeal was taken by appellant to this court.

This cause is not before us on its merits but simply upon the averments of the bill which, on demurrer, we are bound to take as true. The case so made is one which, aside from all moral or ethical considerations, fixes upon appellant duties and obligations in the discharge of which the law requires the utmost good faith and to which it attaches the highest measure of responsibility. According to the decisions of this court, attorney and client sustain to each other the "severe relation of trustee and *cestui que trust*, and their dealings together are subject to the same intendments and imputations as those which obtain between other trustees and their beneficiaries."—*Yonge v. Hooper*, 73 Ala. 119. The bill in this cause does not, *in haec verba*, charge appellant with fraud and imposition, but they arise by irresistible conclusion from the facts and circumstances which are set forth with much particularity, and what is necessarily impled in a statute, pleading, contract or other instrument of writing, is as much a part thereof as that which is expressed. 3 Otto, 619. Furthermore, property in which appellant's *cestui que trust* was interested is averred to have been purchased by him from her while his fiduciary relation subsisted, and at a price far less than its alleged value, for which he gave his note without interest and without security, and which note remains unpaid. In the absence of explanation, the intendent of law is that a conveyance or transfer

[Prestwood v. Tillis & O'Neal.]

of property made by the beneficiary to the trustee was obtained by undue influence, and the burthen rests on the trustee to repel such imputation.—*Yonge v. Hooper, supra; Ware v. Russell,* 70 Ala. 174; *Calloway v. Gilmer,* 36 Ala. 354.

It would not be very clear that the transaction in regard to the McPherson stock of goods properly had a place in the bill but for the fact that appellant treated the stock of goods as being the property of appellee, or as property in which she was interested, by making his note for the purchase-money payable to her and delivering the same to her. Furthermore, looking to the averments of the bill alone this, and all the other transactions complained of are so related and interwoven that it is not practicable, on demurrer, to draw the line of demarcation between them or to say that appellee has no interest in any one of them.

Her rights as distributee of her husband's estate, as surety for the guardian of the minor, and as creditor of the minor have by the advice and acts of appellant himself become so intermingled and sustain such a relation to the property mentioned in the bill and to appellant's liability that a full and complete account can only be had in one suit in equity.

We find no error in the decree of the Chancery Court overruling the demurrer, and it is accordingly affirmed.

Affirmed.