156 So.2d 916

**Ex parte S. P. CYPRESS, d/b/a Dixie Store Fixtures & Sales Company.**

**6 Div. 953.**

Supreme Court of Alabama.

Aug. 1, 1963.

Rehearing Denied Oct. 31, 1963.

Wm. W. Ross, Birmingham, for petitioner.

Pritchard, McCall & Jones, Birmingham, for respondent.

HARWOOD, Justice.

Petitioner, the plaintiff in a suit in the lower court, has an action pending seeking damages in counts sounding in libel. Bede Luibel, and the Benedictine Society of Alabama, a Corporation, are the defendants.

Bede Luibel is the Father Abbot of the Benedictine Society of Alabama.

Count 1 avers the statutory allegations of libel. Count 2 avers that the defendants willfully and maliciously published a letter in Cullman County, Alabama, and thereby caused the plaintiff to be defamed before an agency of the United States government to whom the letter was addressed, and that as an approximate consequence thereof the plaintiff was caused to lose the good will of said agency, and the reputation of her business was impaired. The plaintiff also claims punitive damages.

The copy of the purported letter was made a part of Count 2, as an exhibit. This exhibit reads as follows:

> "St. Bernard College
> "St. Bernard, Alabama

"Office of The Treasurer

> "May 14, 1962

"Mr. McClellan Ratchford
Housing and Home Finance Agency
645 Peachtree-Seventh Building
Atlanta 23, Georgia

"Dear Mr. Ratchford, ·

> "Re: Project Ch–Ala–43(DS)
> Dining Hall—Equipment
> St. Bernard College

"Dixie Store Fixtures Company of Birmingham, Alabama has presumed to change and make substitutions on our specified items of kitchen equipment, and because that company has substituted items of inferior quality, or items smaller than actually called for, it was able to submit the low bid on the equipment. The treasurer of St. Bernanrd College and the Manager of Food Fa-

cilities have both spent much time in visiting places where the above mentioned company has made installations, and both have found that the equipment and the fabrications are far inferior to our specifications. Furthermore, both have been strongly advised not to deal with this particular company as it is not a dependable one. We have been asked to keep names confidential to the extent possible, but rest assured that these name individuals are holding very responsible positions in city and county organizations. You can readily understand why they would prefer not to become involved in our problems. If it is absolutely necessary that their names be divulged, then I am sure that permission can be obtained.

"The Helburn Company of Montgomery, Alabama submitted the next low bid, and they have adhered to the specifications as have been set down by the architect and St. Bernard College. We feel it only fair to ourselves and our project to be given what we have asked for and what we are willing to pay for, and it is because of this that I am writing to you at this time and placing before you for your consideration the possibility of rejecting the low bid of Dixie Store Fixtures Company of Birmingham, Alabama, and accepting the bid of the Helburn Company of Montgomery, Alabama.

"The Dixie Store Fixture bid is  $57,575.45

"The Helburn Company bid is  $60,763.80

"These figures are original base bid figures.

"In this letter I have not included the deductions as you already have that information in the letter which I sent to you last week.

"If you find it wise to grant this request to us we will be most appreciative, and I assure you that I am ask-ing for it because I know that it is for the best interest of this project.

"Sincerely yours,
"Rt. Rev. Bede Luibel, O.S.B."

The plaintiff sought to take the depositional testimony of Bede Luibel as an individual, and also as Father Abbot of the defendant corporation. This proceeding was had under the provisions of Act 375 of the 1955 Alabama Legislature. See 1955 Acts of Alabama, Vol. 2, page 901, now appearing as Sections 474(1) through (18), Title 7, Code of Alabama 1940 (pocket parts).

At the hearing before the Commissioner in the deposition proceedings, Father Abbot Luibel refused to answer certain questions propounded to him. Upon notice, the proceedings were then brought before the Hon. K. J. Griffith, Judge of the Circuit Court of Cullman County. Judge Griffith ruled that the witness answer certain of the questions which he had refused to answer before the Commissioner, but also sustained the witness in his refusal to answer some of the other questions.

Thereafter the plaintiff filed a petition for a writ of mandamus seeking to have Judge Griffith set aside his rulings as to the unanswered questions. This court issued the rule nisi requiring Judge Griffith to show cause why a peremptory writ of mandamus should not be issued as prayed for in the mandamus petition.

Judge Griffith has answered that: (1) the demurrers filed by the defendants in the libel suit have not been ruled upon, and consequently the sufficiency of the complaint remains unsettled; (2) that the court's jurisdiction was not invoked by any written motion or in any formal manner, but that on 5 December 1962, the plaintiff, and the defendants and their attorneys of record appeared before the judge and the proceedings now complained of were had; (3) that on such hearing the attorney for the plaintiff read to the court certain questions propounded to said witness, and the answers and objections thereto, as shown by the

transcript of the court reporter, and then asked the court to rule on the same, the respondent being of the opinion that the witness should not be required to answer certain particular questions, and that the objections thereto were well taken, refused to require said witness to answer certain particular questions; (4) that from a consideration of the statements of counsel, and the pleadings, and the testimony of the witness, Bede Luibel, that the alleged libel, which was the foundation of the action, related to transactions and communications had between Luibel and an agency of the United States government, namely the Housing and Home Finance Agency, in connection with a loan from such agency to St. Bernard College, and that the witness Luibel was privileged to refuse to answer said questions under the express terms of Section 474(2), Title 7, Code of Alabama 1940, and that it was further the judgment of the respondent that said questions relating to transactions and communications were privileged under the National Housing Act U.S.C. Title 12, Section 1701–d–3(d), as well as the general rules of evidence applicable thereto.

That portion of our deposition statute material to this review is to be found in Section 474(2), Title 7, Code of Alabama 1940, and reads as follows:

"Unless otherwise ordered by the court as hereinafter provided, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party, or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of relevant facts. It is not ground of objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." Act 375 of the Alabama Legislature, 1955.

In commenting upon the application of Act 375, supra, this court in Ex parte Rice, 265 Ala. 454, 92 So.2d 16, wrote:

"We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise. But discovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30 (b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."

It appears that during the examination of Luibel he testified that he had read the complaint filed against him, and had seen the letter accompanying the complaint. The record then shows the following:

"Q Father Abbot, have you examined plaintiff's Exhibit 1?

"A Yes.

"Q Do you know what that letter is?

"MR. SMITH: Just a minute, I object to this.

**568**

"THE WITNESS: Yes, I object to this.

"MR. SMITH: Will you state your objections?

"THE WITNESS: On advice of counsel, I decline to answer this question unless required to do so by order of the court on the grounds, separately and severally, as follows: * * *."

The witness then read the large number of grounds which were apparently prepared by counsel. Among the grounds asserted were that the letter was privileged, and further that it was privileged under the provisions of the National Housing Act, supra.

There then followed a lengthy colloquy of some eight pages between the court and counsel pertaining to whether the letter was privileged. At the conclusion, the court ruled that the question need not be answered.

■ As to the general ground of privilege interposed, it is true that when the author of an alleged libel acts in the discharge of any public duty, whether legal or moral, which the ordinary exigencies of society, or his own private interest, or even that of another, calls upon him to exercise, then the author of any alleged libel is conditionally privileged in speaking or writing. Lawson v. Hicks, 38 Ala. 279, 81 Am.Dec. 49; Kenney v. Gurley, 208 Ala. 623, 95 So. 34, 26 A.L.R. 813. However, the court's ruling that the question was privileged generally, overlooks the fact that the alleged communication is only conditionally privileged, and is given protection only upon conditions that actual or express malice be not shown. Ex parte Nolen, 223 Ala. 213, 135 So. 337.

As stated in Ripps v. Herrington, 241 Ala. 209, 1 So.2d 899, concerning conditionally privileged utterances:

"In the case of qualified or conditional privilege, the law withdraws the legal inference or presumption of mal-

ice, and casts upon the plaintiff the burden to go forward with evidence tending to show actual malice; such publications are prima facie without malice, and the burden is on plaintiff to show malice in fact. Interstate Electric Co. v. Daniel, supra [227 Ala. 609, 151 So. 463]; Kenney v. Gurley, supra [208 Ala. 623, 95 So. 34, 26 A.L.R. 813]; Age-Herald Pub. Co. v. Waterman, 202 Ala. 665, 81 So. 621; Berry v. City of New York Ins. Co., supra [210 Ala. 369, 98 So. 290]; Phillips v. Bradshaw, supra [167 Ala. 199, 52 So. 662]; Lawson v. Hicks, 38 Ala. 279, 81 Am. Dec. 49.

"If, on the whole evidence, it appears the statement was made in good faith, in the honest belief that the statement was true, defendant is protected in such privileged communication, even though he may be mistaken. Authorities, supra.

"Good faith and honest belief imply more than mere suspicion. In making a charge involving another's character and standing, good faith requires such bona fide inquiry as a fair and just man would make, and arrive at an honest belief that his statement is true, otherwise the protective shield of privilege is unavailing."

■ However, with no extrinsic evidence touching on the presence or absence of malice, the question sought evidence which was not, at the time privileged, under the provisions of Section 474(2), supra.

■ Nor did the question seek evidence privileged under the provisions of Section 1701d–3, Title 12, U.S.C.A. 48 St. at Large 1246, as contended by the respondent. Among other things, this act provides that the administrator of the Housing and Home Finance Act is authorized to request and receive information from private individuals, and that such information shall be used only for the purposes for which it is supplied, and no publication by the admin-

istrator of such information shall be made except with the permission of the person supplying the information.

It is clear from a reading of the above federal statute that the privilege of non-publication of information supplied the administrator is in that official, and not in the person supplying the information. No privilege is conferred upon the individual by the statute. See Constantine v. Constantine, 274 Ala. 374, 149 So.2d 262.

■■ However, even under a liberal interpretation of our deposition-discovery statute, we are unwilling to say that the court abused its discretion in the above ruling regardless of the validity of the defendant's counsel's argument concerning privilege. This, for the reason that the question, "Do you know what that letter is?" is too vague to permit an answer with any degree of certitude, and the defendant need not answer a question which by reason of vagueness and uncertainty fails to show the materiality of the subject matter. Burkheimer v. Nashville Mutual Building and Loan Ass'n, 59 W.Va. 209, 53 S.E. 372, 4 L.R.A.,N.S., 1047.

Section 474(2) supra, in part provides:

"It is not ground of objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

■ On examination of the questions, other than the one above written to, and which the respondent ruled need not be answered, leads us to the conclusion that they sought evidence relevant to the subject matter involved in the suit and might reasonably be considered calculated to lead to the discovery of admissible evidence.

Particularly is this true in view of the burden upon the plaintiff to establish malice in the event the letter is shown to be conditionally privileged. This element, i. e., malice must largely be shown by extrinsic evidence if at all. The purport of the questions sought such extrinsic evidence.

We do not wish in anywise to be considered as expressing approval of the sufficiency of the form of some of the questions, or that the testimony they sought would be admissible at the trial. In that proceeding objections may be interposed and the validity of the objections determined as though the witness were then present and testifying. Section 474(5), Title 7, Code of Alabama 1940.

In their brief counsel for appellant have further argued that to compel Father Abbot Luibel to answer some of the questions could possibly subject him to a criminal prosecution under the provisions of Section 347, Title 14, Code of Alabama 1940, and would therefore violate his rights under the Fifth Amendment to the federal constitution as to self incrimination.

■■ There is no merit in this contention. No objection on the ground of self incrimination was raised in the court below, and not being claimed, must be deemed waived and cannot for the first time be raised on appeal. Long v. O'Mary, 270 Ala. 99, 116 So.2d 563. Further, the privileges of the Fifth Amendment are not applicable to proceedings in state courts. Aaron v. State, 271 Ala. 70, 122 So.2d 360.

■ That the demurrers to the complaint had not been ruled on, and its sufficiency established, is no basis for refusing to compel answers in deposition proceedings, in the absence of a ruling sustaining the demurrer with no amendment to the complaint thereafter filed. Ex parte Nolen, 223 Ala. 213, 135 So. 337.

■ The fact that the court's jurisdiction was not invoked in a formal manner cannot now avail the respondent. The respondent did in fact assume jurisdiction without objection. Any irregularity in invoking the court's jurisdiction was therefore waived. Section 474(16), Title 7, Code of Alabama 1940.

■ It results therefore that all questions other than the one reading "Do you know what that letter is?" should have been

answered, and the court was in error in its rulings as to these remaining questions.

To the extent indicated the writ of mandamus will issue as prayed.

Writ awarded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.