167 So.2d 705

**Ex parte John J. LAURIE et al.**

**1 Div. 234.**

Supreme Court of Alabama.

Sept. 24, 1964.

Scott & Porter, Chatom, for petitioners.

Grady W. Hurst, Jr., Chatom, for respondent.

SIMPSON, Justice.

The petition prays that the writ be directed to the Honorable William G. Lindsey, as Judge of the Circuit Court of Washington County, in Equity, to require him to vacate, set aside, and hold for naught his order decreeing that the petitioner John J. Laurie, husband of Dorothy W. Laurie, guardian of Margaret Wilkins, non compos mentis, was not qualified to purchase at public sale, under orders of the court, the property of said Margaret Wilkins.

Briefly, the record discloses that Dorothy W. Laurie was the legal guardian of her mother, Margaret Wilkins, a non compos mentis; that the said ward, Margaret Wilkins, was in necessitous circumstances and that it was necessary to sell the property of Margaret Wilkins described in the proceedings for the support and maintenance of said ward; that the register of the court, as commissioner, was ordered by the court to sell said property for the purposes stated; that the register, after due advertisement, first sold the property to one Sheffield, who was the highest and best bidder for said property; that the said Sheffield refused to make good his bid and the court thereupon entered a second order for the sale of said property and at said second sale the said John J. Laurie, husband of the guardian Dorothy W. Laurie, became the purchaser; that said sale was in all respects fairly made and conducted and that his bid was the highest, best and last bid for said property. The commissioner's report showed that the sale was properly and fairly conducted and

that the property sold for an amount not greatly less than its real value and requested that the court confirm and approve said sale. Thereupon certain named parties, as next friends of said Margaret Wilkins, non compos mentis, filed objections and exceptions to the commissioner's report.

On a hearing of these objections and exceptions the court ruled that one exception was well taken, i. e., that the said "John J. Laurie, the husband of the guardian Dorothy W. Laurie, who became the final, last and best purchaser at said sale * * * was not qualified to purchase the property * * * due to the fact that said John J. Laurie was the husband of the guardian of the said Margaret Wilkins". The decree also stated, "The Court finds from the evidence taken in this cause orally that there was no collusion or fraud exercised by anyone in the public sale of this property". The proceedings also show that the ward was represented throughout by a competent guardian ad litem and that the guardian ad litem filed no exceptions to the report of the sale.

It thus appears that the sole ground upon which the sale was disaffirmed by the court was that the purchaser, John J. Laurie, was the husband of the guardian Dorothy W. Laurie. In view of all the circumstances disclosed by the record, we do not think that ruling was correct. It appears that the court considered that it had no discretion but to disaffirm the sale. However, we think if there is nothing to show that the sale was not fairly and honestly conducted in accordance with the order directing the sale and in accordance with law, the trial court was in error in sustaining the objection on the stated ground.

It must be borne in mind that this was not a private sale undertaken by the guardian acting adversely to the interest of the ward. Hence Brandau v. Greer, 95 Miss. 100, 48 So. 519, is an inapt authority to control the decision here.

There appears no direct authority on the point in Alabama. The cases of Calloway

v. Gilmer (1858) 36 Ala. 354, and Dunham v. Milhous (1881) 70 Ala. 596, likewise cannot be considered as authoritative to the point in issue since they were decided prior to the statute emancipating the wife by the so-called "Woman's Rights Law" where then the husband was ruled to be the co-trustee of his wife in such circumstances. Her status is not the same now. See American National Bank & Trust Co. v. Powell, 235 Ala. 236, 246, 178 So. 21.

There is diversity of opinion on the subject in hand, as is disclosed by the following statement in 25 Am.Jur., p. 132, § 211:

"As a result of the guardian's status as a trustee, and one of a peculiarly confidential character, it is the well-established general rule that the guardian cannot be the buyer in a guardian's sale applied for and controlled by himself. But in a few cases it has been held that the guardian may purchase; and although his conduct will be watched with jealousy, yet, *if it is manifest that he acted fairly, with the utmost good faith, and the transaction is free from any imputation of design on his part to gain a benefit to himself, to the prejudice of the interests of his ward, such purchase will be held valid.*" (Emphasis supplied.)

We quote the above because some of the cases place the spouse on the same status as the guardian.

Most of the cases, however, seem to refuse to declare a sale void under circumstances where the sale of the property was under the supervision of the court, and it was in all respects fair and above suspicion, as it was in the instant case. See 131 A.L.R. 990, et seq. On page 994 a concise statement of the general trend of decisions thus appears:

"The bars against transactions with relatives of a fiduciary appear to have been let down to some extent, also in some other cases, where it was apparent that no loss would result to the trust estate, or other circumstances seemed to the court to warrant such laxity."

There are many cases with diverse holdings under this annotation but we can see no sound reason for an inflexible rule in such a case as was held by the trial court. In the instant case there was no fraud or collusion and the sale was most necessary. One sale had already been made, and it could be easily inferred that the second sale was perhaps the best sale that could be made. There is nothing in the record to show that another sale would not be adverse to interest of the ward. In all probability it would be.

We find the following apt statement in Restatement of the Law, 2d Ed., Trusts, § 170, p. 366:

"If a third person is the spouse of the trustee, the sale can be set aside as though it were made to the trustee himself. *The mere fact, however, that the purchaser is related to the trustee does not make the sale improper.*" (Emphasis supplied.)

It appears, therefore, that the lodestar is that the purchaser of the property acted in good faith and the sale was fairly and properly conducted. We hold, therefore, that where the sale is conducted under the supervision and control of the court by a duly authorized officer, all in accordance with the orders of the court and such sale is public and open to all and no unfair advantage would result to the estate of the ward, there should be no impediment to confirming the sale to the husband of the guardian, his bid having been the highest, best and last bid, and especially here where there was an express finding by the court of no collusion or fraud or inadequacy of price. In addition to the authorities, supra, see Boyar v. East, 161 N.Y. 580, 56 N.E.

**140**

114, 76 American State Reports 290; Chorpenning's Appeal, 32 Pa. 315, 72 American Decisions 789.

 The other point up for review is whether or not writ of mandamus is the proper remedy. We think it is. The writ of mandamus is available to a petitioner when petitioner has no other adequate remedy. Here the refusal of the lower court to confirm the commissioner's sale is not appealable and there appears to be no other adequate remedy to correct the stated error. The record discloses that the ward is in dire need of funds for medical and living expenses immediately. She needs a swift remedy and mandamus seems to be the only one. This Court in Ex Parte Weissinger, 247 Ala. 113, 22 So.2d 510, clearly enunciated the pertinent rule:

"Originally, the function of the writ was to compel judicial action but not to correct errors or direct what particular judgment or decree should be rendered. Wilson v. Duncan, 114 Ala. 659, 672, 21 So. 1017. But this court has permitted a liberal enlargement of the use of the writ so that, 'if an order, or judgment, or decree, is made or rendered, which is not the subject of revision by appeal, or other revisory remedy and yet is erroneous, working injury to the party complaining, and there be no other legal remedy, adequate to the correction of the error and the prevention of the injury, mandamus will be awarded.' Ex parte Woodruff, 123 Ala. 99, 100, 26 So. 509; Ex parte Tower Mfg. Co., 103 Ala. 415, 418, 15 So. 836."

It results from these considerations that a writ of mandamus should issue forthwith to the learned trial court as prayed for in the petition. So ordered.

Writ granted.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.