200 So.2d 471

### Ex parte TUSCALOOSA NEWSPAPERS, INC. et al.

### 6 Div. 220.

Supreme Court of Alabama.

April 6, 1967.

Rehearing Denied June 29, 1967.

———◆———

Jones, McEachin, Ormond & Fulton, Tuscaloosa, for petitioners.

Crownover & Burroughs, Tuscaloosa, for respondent.

PER CURIAM.

An original petition, addressed to this court, is for a writ of mandamus to The Honorable Fred W. Nicol, as Judge of the Circuit Court of Tuscaloosa County, to grant petitioners' motion there filed to compel plaintiff to produce certain papers and documents and to answer certain questions propounded to him under statutory discovery proceedings.

The original suit was filed by Robert W. Shelton against petitioners to recover damages for libel allegedly growing out of an editorial publication in the Tuscaloosa News, wherein the plaintiff was charged with certain improper conduct as Supreme Commander of certain "reckless and irresponsible white elements."

Defendants invoked the aid of Act No. 375, Acts of Alabama 1955 [§ 474(1)–(19), both inclusive, of Title 7, 1940 Code of Alabama Recompiled 1958]. This act, broad in its scope, authorizes the taking of discovery depositions of parties and witnesses upon oral examination for discovery of and for use as evidence. It is the counterpart of Federal Rule of Civil Procedure 26(b).

Upon refusal of plaintiff to answer certain questions propounded to him on the oral examination and to produce certain papers and documents, defendants filed motions before the trial court to compel plaintiff to answer these questions and to produce the papers and documents. The motions were duly set for hearing and subsequently ruled upon except as to four questions.

Responding to a rule nisi issued by this court and directed to respondent, The Honorable Fred W. Nicol, as Judge of the Circuit Court of Tuscaloosa County, Alabama, said respondent duly filed an answer. Petitioners thereupon filed a reply to the return.

Defendants, in their motion, sought answers to 139 interrogatories propounded to plaintiff. The motion to produce referred to eight different classifications of papers and documents.

The first trial judge, Henley, to whom the motion to compel answers to certain questions was presented, ruled that the plaintiff should answer 64 of these questions. He continued the motion as to 64 other interrogatories. At a subsequent time another trial judge, Nicol, overruled defendants' motion as to 71 questions. Four questions were never ruled on. There is no proceeding before this court to review the affirmative rulings.

Petitioners, in their brief, mention by number forty-two of the numbered and unanswered questions. They claim that thirty-six of these questions "are reasonably calculated to lead to the discovery of admissible evidence, as these questions inquire into the size and type organization headed by the Plaintiff, this being pertinent to the question of the Plaintiff's character or reputation, and to the defense of Plaintiff's allegation and claim that he has been damaged in

the lawful pursuit of his office, profession, trade or business."

Four of the questions, so petitioners contend, "pertain to the Plaintiff's character or reputation and to the question of what damages, if any, the Plaintiff is entitled to in the case. If Plaintiff had been libeled by other publishers and did not contemplate a libel suit against the other publishers, it would indicate that the present suit is a spite suit. Also, if Plaintiff had in fact been libeled by other publishers and did not contemplate a libel suit against them, it would reflect on his reputation and on the issue of what damages, if any, the Plaintiff is entitled to in the pending litigation."

Two of the questions, so contention is made, "are pertinent on the question of the Plaintiff's character and reputation. A man's beliefs and his activities are certainly evidence of good or bad character and reputation."

■■ A special Supreme Court, recently convened to act in the place of the duly elected members of this court, who recused themselves, in the consolidated cases of Ex parte Alabama Power Company and Ex parte Simpson, as Executor, et al., 280 Ala. 586, 196 So.2d 702, had before it petitions for mandamus that involved a construction of Act No. 375, supra, relative to answers of the plaintiff to certain discovery interrogatories propounded under said Act No. 375. This special court, speaking through a majority of its membership, held that issue of a writ of mandamus to compel answers to questions propounded under authority of said Act No. 375 "is limited to those where an abuse of discretion is shown," citing Ex parte Cypress, 275 Ala. 563, 156 So.2d 916(4, 5). The opinion confined such limitation to rulings under said act. It further held that the appellate court would not disturb the action of the trial court unless the error complained of was prejudicial and affects the substantial rights of the parties.

■ We have reviewed each of the 139 interrogatories propounded in the instant case and appearing in the exhibit to the petition here filed, and have given special attention to the 71 questions as to which the motion to require answers was overruled; that is, the plaintiff was not required to answer. We conclude that the trial court did not abuse its discretion in denying the motion as to these questions; and further, that in such denial of the motion, the trial court did not commit manifest error prejudicial to the substantial rights of the defendants.

With respect to the motion to produce certain papers and documents, the trial court required the production of one copy or issue of "The Fiery Cross," and also charter of incorporation, as last amended, of the United Klans of America, Knights of the Ku Klux Klan. The motion as to other papers and documents therein mentioned was overruled. Again, we cannot say that the trial court, in denying the motion for such production, abused its discretion, or committed manifest error prejudicial to or affecting the substantial rights of the defendants. Ex parte Alabama Power Company and Ex parte Simpson, as Executor, et al., supra.

It is ordered that the petition for writ of mandamus as here presented is denied.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Writ denied.

LIVINGSTON, C. J., and MERRILL, COLEMAN, and HARWOOD, JJ., concur.

LAWSON and GOODWYN, JJ., dissent.

LAWSON, Justice (dissenting).

I am of the opinion that the plaintiff should have been compelled to answer those

interrogatories seeking information concerning the size, nature, character, and membership of the organization which he headed and that in refusing to require the plaintiff to answer those questions the trial court erred. I, therefore, respectfully dissent.