MOORE, Chief Justice
(concurring in the result).
This Court has stated: “Ordinarily, we would not review rulings regarding discovery proceedings in the trial courts.” Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala.1981). Further:
“The utilization of a writ of mandamus to compel or prohibit discovery is restricted because of the discretionary nature of a discovery order. The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief. The writ will not issue where the right in question is doubtful. Lassiter v. Wemeth, 275 Ala. 555, 156 So.2d 647 (1963).”
397 So.2d at 102. It is not the business of this Court to look over the shoulder of a trial judge or to question every decision a judge makes just because a party is dissatisfied. The mere fact that this Court is designated the “Supreme” Court does not mean that a nine-member court is wiser or more intelligent than a trial judge, especially when the trial judge has the opportunity to observe the parties and the witnesses and has to deal with discovery matters on a daily basis.
Historically, discovery matters were generally not the subject of a writ of mandamus, as illustrated in Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (Ala.1967). In that case this Court stated:
“A Petition for Mandamus constitutes a first pleading in the case and the petition itself must show by averments a right to have the act complained of performed, and if the averments do not show such a right, the petition should be dismissed, although those averments are not controverted or denied. Lawson v. Swift, 280 Ala. 227, 191 So.2d 379 [ (1966) ], Paragraphs 2 and 3.
“This is nonetheless true although Alabama seems to have enlarged the scope or field for the issuance of the writ of mandamus as shown by the provisions of Section 1072 of Title 7 of the Alabama Code[13] and the annotations under the heading ‘Mandamus,’ under said Section 1072 of Title 7 of the Alabama Code (Volume 3 of the Code, Page 1050) as well as by the cases of Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836 [(1894)]; Wilson v. Duncan, 114 Ala. 659, 672, 21 So., 1017 [ (1897) ], and Ex parte Laurie, 277 Ala. 137, 140, 167 So.2d 705, 707 [(1964)]. But we need not decide whether or not a writ of mandamus is always limited to cases where an abuse of discretion is shown on the part of the lower tribunal. The question here is whether or not the issuance of a writ of mandamus is so limited where the rulings sought to be reviewed are under the deposition statute.
“In such cases we think that the issuance of the writ is limited to those where an abuse of discretion is shown. See Ex parte Cypress, 275 Ala. 563, 156 So.2d 916 [ (1963) ], Paragraphs 4 and 5 where Mr. Justice Harwood states: ‘However, even under a liberal interpretation of *818 our deposition-discovery statute, we are unwilling to say that the court abused its discretion in the above ruling.’
“The principle is expressed in 23 Am. Jur.2d on Page 665, Section 270, as follows:
“ ‘It is for the trial court, not the appellate court, to pass upon any specific question presented on an application for discovery or upon any question when a particular requirement is too broad. Generally, the trial court’s execution of this discretion in applying of discovery rules or in deciding whether or not to order or limit discovery will not be disturbed unless an abuse of such discretion is shown.’
“The Alabama statute is patterned after Federal Rule 26(b) and our courts have heeded the construction placed upon the Federal Rule. In ‘Judicial Control Over Discovery,’ 28 F.R.D. 111, 116, Judge Kaufman said—
“ ‘The whole discovery procedure contemplates an absence of judicial intervention in the run-of-the-mill discovery attempt.’
“Speaking of the resort to mandamus under the federal rules, Prof. Moore (Yol.4, p. 1743) quotes the United States Supreme Court as saying:
“ ‘In strictly circumscribing piecemeal appeal, Congress must have realized that in the course of judicial decision some interlocutory orders might be erroneous. The supplementary review power conferred on the courts by Congress in the AJ1 Writs Act is meant to be used only in the exceptional case where there is clear abuse of discretion or, “usurpation of judicial power.” ’[2]
280 Ala. at 589, 196 So.2d at 704-05.
While I agree with the holding of the majority and sympathize with the rationale it uses as an attempt to provide guidelines that limit the abusive filing of petitions for a writ of mandamus in discovery matters, I do not agree that creating a rule under which such petitions may be considered by this Court is wise. Unless strictly construed, exceptions tend to swallow the rule, leading to even greater abuse. This Court itself should be able to restrict the abuse of using petitions for a writ of mandamus in discovery matters by restricting the use of extraordinary writs to extraordinary instances and by recognizing that an appeal is in almost all cases an adequate remedy.
Therefore, I concur only in the result.

. Now § 6-6-640, Ala. Code 1975.

Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 383-384, 74 S.Ct. 145, 98 L.Ed. 106 [(1953)].”